# TIMOTHY M. BRADLEY, use, etc.

## *v.*

## WILLIAM F. COOLBAUGH *et al.*

1. INSTRUCTION—*assuming facts.* It is error for the court, in an instruction, to assume material facts, essential to the defence, to be true, that depend on testimony for their existence, and some of which facts are matters of contention between the parties. Such an instruction invades the province of the jury. When the evidence is conflicting upon a vital question, the jury should be left to find the facts without the interference of the court.

2. ESTOPPEL—*by party's acts—whether a debt is against one or more.* Where a party issues a distress warrant against two for rent claimed of both, under which goods attached as the property of one are taken from the custody of the sheriff, in an action of trespass by the sheriff for the use of the attaching creditors, against the party so taking the goods, such party will be estopped by his acts from denying he was a creditor of the two against whom he proceeded, and from claiming to be a creditor of one only.

3. FRAUD—*as to creditors, when a question of fact.* An agreement between certain creditors of a common debtor for one to bring attachment and another to become the purchaser of the debtor's goods for the benefit of all, if not fraudulent *per se*, is not in violation of the fourth section of the Statute of Frauds, unless made with the intent to disturb, hinder, delay or defraud creditors or other persons, and such intent is a question of fact for the jury and not one of law.

4. CONTRACT— *one creditor attaching for the benefit of himself and others — whether illegal and against public policy.* An agreement between several creditors of an absconding debtor, that one should attach the debtor's goods on his claim and put them in the hands of another as custodian, who should become the purchaser for the benefit of all the creditors, and thus save a multiplicity of actions and save heavy expenses of litigation, with no intent to injure any one, is not an abuse of the process of the court, and is not void as being against public policy, and such an agreement does not work a forfeiture of such creditors' rights acquired by the levy of the attachment.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of trespass, by Timothy M. Bradley as sheriff of Cook county, for the use of John H. Mortimer and Charles S. Debost, against the appellees. The property was taken from the possession of the sheriff by the defendants and sold. The material facts appear in the opinion.

Messrs. BECKER & DALE, for the appellant.

Mr. MELVILLE W. FULLER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 23d day of January, 1874, Mortimer and Debost, claiming to be creditors of William Kurka, sued out of the Superior Court a writ of attachment against his effects, on the ground the debtor had departed from the State. The writ was placed in the hands of the sheriff and was by him levied on a stock of goods that it was said belonged to the attachment debtor. When the goods were seized the officer acting placed them in the hands of Le Gros as custodian, to be by him held for the sheriff. On the 7th day of February, 1874, Swinburn, who was an acting constable, levied upon the same goods while in possession of the sheriff's custodian, by virtue of a distress warrant issued by Coolbaugh, Powers and Wheeler against William Kurka and E. A. Le Gros, and also by virtue of a writ of attachment in favor of John McIntire against the same defendants, and took the goods into his own possession,

and such proceedings were afterwards had that the goods were sold to satisfy the amounts due plaintiffs in the distress and attachment proceedings against Kurka and Le Gros. Although Mortimer and Debost obtained judgment against William Kurka in the attachment case for the sum due them, no portion of the goods seized under the writ in their favor was ever applied in discharge of the same, nor were any of the proceeds of the sales of the goods appropriated for that purpose.

This action was brought in trespass, in the name of Timothy M. Bradley for the use of Mortimer and Debost, against William F. Coolbaugh, H. G. Powers, C. T. Wheeler, John Morris, John McIntire and William Swinburn, to recover the value of the interest the beneficial plaintiffs had acquired in the goods under their attachment.

In obedience to a rule laid upon the nominal and beneficial plaintiffs and their attorneys, the latter produced in court an agreement entered into between Mortimer and Debost, Ellis and Harrup, and E. A. Le Gros, all of whom were creditors of the attachment debtor. That agreement recited that the parties thereto were creditors of the absconding debtor, stating the amounts due each respectively, and that there were other small creditors for wages and rent, and then provided that Mortimer and Debost should commence an attachment suit against Kurka in the Superior Court, procure Le Gros to be appointed custodian of the goods levied upon, and at the sheriff's sale he should become the purchaser of the whole stock at a certain price and pay for the same with his notes at two and four months, with security, for a sum agreed upon, for the use of the other parties to the agreement. It seems to have been contemplated other creditors might institute legal proceedings against the property of Kurka, and in that event a *pro rata* rebate was to be made from the amount of the notes to be given by Le Gros. On the production of the agreement defendants gave it in evidence and it was read to the jury.

The case was three times tried in the lower court. On the first and second trials the jury found for plaintiff and assessed

his damages.  Both verdicts were set aside on motion of defendants.  Before the cause was submitted on the third trial McIntire and Swinburn were dismissed out of the case and the suit thereafter proceeded against the other defendants. On the last trial, under instructions from the court to do so, the jury found defendants not guilty.  The motion made by plaintiff for a new trial was by the court overruled, exceptions taken and plaintiff brings the case to this court on appeal.

Our understanding is, the case was defended in the court below on two grounds:  First, that the goods levied upon by the attachment writ were the property of Le Gros and Kurka, partners, and the surrender of the goods to Le Gros, one of the partners, as custodian, dissolved the attachment; and second, that the attachment was void because of the agreement entered into between the attaching and other creditors of Kurka.  No discussion has been had on the first proposition by counsel for defendants in this court, and the defence is placed solely upon the question whether the attachment was valid, and not whether it had been dissolved or not.

On the trial the court instructed the jury, " as a matter of law, that the agreement between Mortimer and Debost, Ellis and Harrup, and E. A. Le Gros, for the commencement of an attachment suit against William Kurka, was fraudulent and void as to other creditors of William Kurka than those who signed it, and as it is proven in that case and is not disputed upon the evidence that Coolbaugh, Powers and Wheeler were creditors of Kurka at the time said agreement was entered into, and that said attachment suit was commenced in pursuance of said agreement, the jury are instructed that said attachment was void as to Coolbaugh, Powers and Wheeler, and they must, therefore, find defendants not guilty."  That this instruction invades the province of the jury is a proposition so plain it admits of but little discussion.  It assumes material facts essential to the defence to be true, that depend on testimony for their existence, some of which are matters of contention between the parties.  It is apparent the verdict in this

case finds no fact, and the services of a jury might as well have been dispensed with.

The instruction is faulty in more than one respect. It assumes as true, the attachment suit was commenced in pursuance of the agreement between the attaching and other creditors of Kurka. Upon that question there is not a particle of evidence in the record except that which may arise by inference from the existence of the contract, if in fact it existed before the attachment suit was commenced. The contract is without date, and whether it was executed before or after the attachment suit was commenced is left in grave doubt by the evidence. Defendants assert with great confidence it was executed before that suit was commenced. It must be conceded the argument in favor of that position has force in it, and might with great propriety have been addressed to the jury. On the other hand Le Gros, who was himself a party to it, testified it must have been after the original attachment was levied and before the distress warrant was levied on the goods by Swinburn. Counsel make a point against this evidence, that it was read from the testimony of the witness given on a former trial, before the production of the agreement, but it is not perceived how that fact can militate against it. If it was true then, it is still true. Conflicting as the evidence is on this vital question, the jury should have been permitted to find the fact without the interference of the court.

The instruction is faulty for another reason. It asserts it "is proven in this case, and is not disputed in the evidence, that Coolbaugh, Powers and Wheeler were creditors of Kurka." This statement is not warranted by anything found in the record and is palpably variant from the facts. Defendants' claim was against Le Gros and Kurka, so it was not accurate to say they were "creditors of Kurka." The distress warrant issued and the evidence offered by defendants show the claim defendants were seeking to enforce was against Le Gros and Kurka, and they are estopped by their acts from asserting the contrary. They never claimed to be creditors of Kurka alone.

Another clause of the instruction is still more objectionable. It asserts as a matter of law, the agreement between the attaching and other creditors for the commencement of the attachment suit was fraudulent and void as to other creditors of the debtor. One reason assigned in the argument why the agreement was fraudulent and void is, that it is within the fourth section of the Statute of Frauds, but to bring it within the purview of that statute it should have been added, the agreement was made " with intent to disturb, delay, hinder or defraud creditors or other persons." Without that qualification the instruction is not the law. If the agreement was not fraudulent *per se,* the intent with which it was entered into by the parties signing it, is a question of fact which it was the province of the jury to find from all the facts and circumstances in evidence.

Another argument made against the agreement is, it is against public policy and for that reason is void. The object as expressed in the agreement itself is, that it was for the " benefit of said creditors that the best sum should be realized out of said stock, and proper titles passed to the purchaser without large law expenses." That in itself is not an unlawful purpose, and it is stating the law too broadly to so declare. Unless the testimony should show it was the intention of the parties to use the process of the court for purposes other than that mentioned in the agreement, it is not understood how it would contravene any sound public policy. Clearly if it was simply to avoid litigation and accomplish by a single suit what would otherwise require a multiplicity of actions, incurring large law expenses, and if that could be done without injury to any one, it would not be an abuse of the process of the court.

For the error of the court in giving the instruction it did on behalf of defendants, the judgment is reversed and the cause remanded.

*Judgment reversed.*

SCHOLFIELD, J.:   I think the agreement was *per se* fraudulent as to creditors.

DICKEY AND BAKER, JJ.:   We concur with Mr. JUSTICE SCHOLFIELD.