# Chicago and Alton Railroad Company

*v.*

# Amelia T. Robinson.

*Filed at Springfield March 29, 1883.*

1. INSTRUCTION—*as to matters not in issue.* An instruction directing the attention of the jury to an element of liability not shown by the pleadings or evidence in the case, is calculated to mislead, and is erroneous. It is not proper to direct the attention of the jury to matters not in issue.

2. SAME—*directing the jury as to what is the better evidence.* It is obvious error for the court to announce to the jury what is the better evidence in a case, or what the jury may so regard. It is the province of the jury to say to what evidence they will attach the greater weight in case of a conflict, and with this right or privilege the court should not interfere.

3. SAME—*assuming facts.* An instruction which assumes the existence of material facts, without which the plaintiff can not recover, some of which are matters of contention between the parties, is erroneous.

4. SAME—*generally—as to character of signal to be given on railroad train approaching highway crossing.* In an action against a railroad company to recover for an injury caused by a collision with a buggy while crossing the railroad, the court instructed the jury, in substance, that it was the duty of the railroad company, when its trains were about to cross a highway on a common level, to give "due warning," so that a person traveling on the highway with a team and carriage might stop and allow the train to pass: *Held,* that the instruction ought not to have been given, as it might have led the jury to believe that the company was bound to do more than to ring a bell or sound a whistle.

5. EVIDENCE—*affirmative and negative testimony—of their relative weight.* In a suit against a railroad company for negligence in not giving the statutory signals on approaching a road crossing with a train, the jury are not, as a matter of law, justified in giving greater weight to the testimony of witnesses who state negatively that no bell was rung or whistle sounded, than to that of witnesses stating affirmatively that such was done. The rule would seem to be the other way.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. NINIAN M. LAWS, Judge, presiding.

Mr. C. BECKWITH, Mr. N. W. GREEN, and Mr. M. D. BEECHER, for the appellant.

Messrs. B. S. PRETTYMAN & SONS, and Mr. WILLIAM DON MAUS, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by Amelia T. Robinson, against the Chicago and Alton Railroad Company, to recover for personal injuries. Plaintiff, with her husband, was traveling on the highway in a buggy, and just as they were crossing the track of defendant's railroad, at a public road crossing, a special train, under the management and control of defendant's servants, collided with the buggy in which plaintiff and her husband were riding, by which she sustained severe and permanent injuries. The negligence with which defendant is charged, and which, it is averred, caused the injuries to plaintiff, consists in a failure to ring a bell or sound a whistle on the locomotive that caused the injury, as the law requires shall be done at all public road crossings, and in permitting banks of earth to lie, and weeds, brush and other obstructions to stand and grow at and along its track and grounds, so near the crossing as to prevent and obstruct a view of approaching trains by any one traveling on the highway and about to cross the railroad, in time to avoid danger. It is also made a ground of complaint the train that collided with the buggy in which plaintiff was riding was what is called a "wild train,"—that is, a train run upon no schedule time,—and that it was run at an unusual rate of speed.

With the testimony to be found in the record this court will not concern itself, further than to ascertain whether the law given by the trial court to the jury, in its instructions, was applicable to the evidence. With that purpose in view

the evidence has been carefully considered, and it is found some of the instructions given for plaintiff were calculated to mislead the jury, conceding, as must be done, the facts were well found by the Appellate Court. There is and can be no pretense the injuries of which plaintiff complains were willfully inflicted by defendant's servants. The utmost that can be claimed on any hypothesis consistent with the evidence, is, her injuries resulted from the negligence of defendant's servants in permitting obstructions along the line of its right of way so near the crossing as to obstruct the view of approaching trains by any one traveling on the highway, or from the negligent conduct of defendant's servants in charge of the train that produced the injury, by which it was unskillfully managed, or from the omission to give the usual signals of danger. Neither the declaration nor the ascertained facts show any willful intent on the part of defendant's servants to inflict an injury upon plaintiff. That element is absolutely wanting in any view that can be taken of the case. Indeed, defendant is not charged with any such intent, and no such issue could be rightfully submitted to the jury. Hence, it is thought the second instruction of the series given for plaintiff was calculated to and may have misled the jury as to the true issues involved. The clause of the instruction bearing on this phase of the case is, "where the jury believe, from the evidence, an injury is willfully done by a railroad company, or results from a gross neglect of duty by the company, then the company is liable for such injury." The charge, it will be perceived, directs the attention of the jury to an element of liability in the case made neither by the pleadings nor the evidence, and coming, as it did, from the court, the jury might believe it was warranted by the testimony, and must, therefore, have been most hurtful to the defence. Any instruction that directs the attention of the jury to an issue not involved, is erroneous, and may be the means of producing a verdict warranted neither by the law nor the

evidence. This charge is justly subject to criticism in this respect, and ought not to have been given.

But the first clause of the fourth instruction is still more objectionable. It is as follows: "In an action against a railroad company alleging negligence in not sounding the whistle or ringing a bell on approaching a road crossing, a jury may be justified in giving greater weight to the testimony of witnesses who state negatively that the whistle was not sounded or the bell rung, than to that of witnesses stating affirmatively that such was done." That which follows in the same charge in no way qualifies or explains the proposition stated. As expressed, the proposition is not the law. It is obvious error for the court to pronounce as to what is the better evidence in the case, or as to what the jury may so regard. It is the province of the jury to determine as to what evidence they will give the greater weight, and their privilege in that regard should not be interfered with by the court. But a more serious objection is, it is not true, as a matter of law, as this charge seems to hold, that in such cases greater weight may be given to the testimony of witnesses "who state negatively that the whistle was not sounded or the bell rung, than to that of witnesses stating affirmatively that such was done." Cases in this court that hold a doctrine different from that stated in the instruction quoted, are numerous and consistent. (*Frizell* v. *Cole*, 42 Ill. 362; *Chicago, Burlington and Quincy R. R. Co.* v. *Stumps*, 55 id. 367; *Chicago and Alton R. R. Co.* v. *Gretzner*, 46 id. 74; *Chicago, Burlington and Quincy R. R. Co.* v. *Dickson*, 88 id. 431.) These cases all hold that concerning such matters as are involved in the case being considered, positive testimony is entitled to more weight than negative evidence in that respect. Conceding the facts to be as found by the trial court, it is not a case where negative evidence can be regarded as of equal dignity with positive testimony. The

instruction was, therefore, highly calculated to produce a verdict not warranted by the law.

The fifth instruction for plaintiff is justly subject to the criticism it assumes the existence of material facts, without which plaintiff could not recover in any event, some of which are matters of contention between the parties. It is for that reason erroneous. (*Bradley* v. *Coolbaugh,* 91 Ill. 148.) The substance of plaintiff's seventh instruction is, that it is the duty of the railroad company, when its trains are about to cross a highway on a common level, to give "due warning," so that a person traveling on the highway with a team and carriage may stop and allow the train to pass. Exactly what is meant by "due warning," is not readily understood. The servants of a railroad company, when approaching a public road crossing, are required to give the statutory signals of danger,—that is, to sound a whistle or ring a bell. These signals are well understood by every one, and they constitute all the "warning" the law requires the servants on the train to give. It may be the jury understood the words "due warning," to mean more than what the statute requires, and if so, it made an erroneous impression, and ought not to have been given.

It may be some criticism may be justly made on other instructions given for plaintiff, but it is not deemed necessary to remark upon them. If it shall be perceived any errors have intervened, the same will doubtless be corrected on another trial, by the court, on its attention being called to them.

For the errors indicated the judgment of the Appellate Court will be reversed, and the cause remanded to that court, with direction to reverse the judgment of the circuit court and remand the cause for a new trial.

*Judgment reversed.*

Mr. Justice Dickey: I concur in the conclusion reached, but not in all the positions taken.