## CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD CO.
### v.
### THADDEUS O. JONES.

1. INSTRUCTIONS—MATTER OF LAW.—The instruction given by the court which submitted it to the jury to determine whether there was, at the time of the accident, a valid ordinance in the city of Chicago requiring, etc., was erroneous in that it not only submitted it to the jury to determine matters of law as well as of fact, but to do so regardless of the evidence.

2. INSTRUCTION NOT BASED ON EVIDENCE.—Where there was no allegation in the declaration charging a willful or intentional injury, and no evidence tending to support such a charge if made, an instruction which assumed that there was willful negligence, but submitted it to the jury to determine whether the injury alleged in the declaration was occasioned by it, was improper.

3. INSTRUCTION AS TO DAMAGES.—As the instruction upon damages assumes that plaintiff's wagon received an injury and that plaintiff paid out a sum of money for repairing such injury, and contains no hypothesis as to the sum paid out for such purpose being necessary or reasonable, or that the wagon was damaged on account of any negligence of defendant, it was erroneous.

APPEAL from the Superior Court of Cook county; the Hon.

Elliott Anthony, Judge, presiding.    Opinion filed November 16, 1883.

Mr. J. C. Hutchins and Mr. Thos. J. Withrow, for appellant; that where the verdict is contrary to the evidence, this court will reverse, cited C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Puterbaugh v. Crittenden, 55 Ill. 485; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. R. I. & P. R'y Co. v. Herring, 57 Ill. 59; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Davenport v. Springer, 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500; Knott v. Skinner, 63 Ill. 239; C. B. & Q. R. R. Co. v. Rosenfeld, 70 Ill. 272.

Under a mere allegation of negligence, it is error to instruct as to a willful act: C. & N. W. R'y Co. v. Thorson, 11 Bradwell, 635; C. & A. R. R. Co. v. Robinson, 106 Ill. 142.

Mr. N. M. Jones, for appellee; as to when a verdict will be set aside, cited Miller v. Balthasser, 78 Ill. 302; Plummer v. Rigdon, 78 Ill. 222; Jaeger v. Dieden, 73 Ill. 612.

McAllister, P. J.    This action was brought in the court below by Jones, the appellee here, against the appellant railway company, to recover damages for an injury to plaintiff's wagon and one of his horses, received July 31, 1882, while such team was attempting to cross the tracks of the defendant's railway at 16th street, in the city of Chicago, under the control and management of the plaintiff's employe and driver of such team, by the said wagon and horse being struck by defendant's train through the negligence of its employes in charge of such train, in running the same at faster rate of speed than was allowed by an ordinance of said city, and in failing to ring a bell or sound a whistle, and also in having a flagman who failed to notify plaintiff's driver of the approach of such train.    On the trial before a jury, under the plea of not guilty, the evidence upon the issue of negligence was conflicting, but rather preponderating in favor of defendant. The jury found the defendant guilty, and assessed plaintiff's damages at three hundred dollars, on which judgment passed and the defendant brings the record here by appeal.

The second instruction to the jury, given by the court on behalf of the plaintiff, submitted it to the jury to determine whether there was at the time of the accident a valid ordinance in force in the city of Chicago, requiring the defendant and other railroad companies to keep a flagman at railroad crossings in said city, "whose duty it was to notify and warn all persons about to pass over such crossings of any and all approaching trains." That instruction not only submitted it to the jury to determine matters of law as well as of fact, but to do so regardless of evidence. There was no evidence whatever introduced on the trial tending to show the existence, or pretended existence, of any ordinance relating to the subject-matter of keeping flagmen at street crossings or railroad crossings. The instruction was wrong and must have been prejudicial to defendant.

The fifth instruction for plaintiff reads thus: "The court instructs the jury that if they believe from the evidence in this cause that the accident and injury alleged in the declaration was occasioned by the willful negligence of the defendtna or its agents or employes, then the jury may find for the plaintiff, even if the plaintiff's employe, driving his said wagon was slightly negligent or careless." That instruction assumes that there was willful negligence, but submits it to the jury to determine whether the injury alleged in the declaration was occasioned by it, either on the part of the defendant itself or of its agents or employes.

But there was no allegation in the declaration charging a willful or intentional injury, and no evidence tending to support such a charge if made. It was, therefore, error to give such an instruction, as it was unwarranted and calculated to mislead the jury. Chicago & Alton R. R. Co. v. Robinson, 106 Ill. 142.

Lastly, the court, for plaintiff, instructed upon the question of damages, as follows: "If the jury find for the plaintiff in this case, then they should assess the damages at the value of said horse, if the jury believe from the evidence that the death resulted from the injury and damage mentioned in the declaration in this case, and through the negligence of the servants

of the defendant, and also at the sum paid by the plaintiff for repairing the injury received by his wagon, at the date of the accident named in the declaration."

That instruction assumes that plaintiff's wagon received an injury, and that plaintiff paid out a sum of money for repairing such injury, and contains no hypothesis as to the sum paid out for such purpose being necessary or reasonable, or that the wagon was damaged in consequence of any negligence or misconduct on the part of the defendant, its agents or employes. As given, it was erroneous.

For the errors in the instructions above pointed out, the judgment of the court below will be reversed, and the cause remanded.

Judgment reversed.