PEORIA, DECATUR & EVANSVILLE RY. CO.

v.

BENJAMIN N. BERRY, Adm'r, etc.

INSTRUCTION—" SUFFICIENT WARNING."—An instruction " that it is the duty of railroad companies where engines and trains of cars are approaching public highways upon their roads, to give a *sufficient warning* of their approach, that a reasonably careful person, approaching their road upon such highways, using ordinary care, may be apprised of such approaching engine," is erroneous. The term " sufficient warning " might be understood by the jury to mean more than what the statute requires.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed July 3, 1884.

Messrs. STEVENS, LEE & HORTON, and Messrs. WILEY & NEAL, for appellant; as to instructions, cited P. P. & J. R. R. Co. v. Siltman, 67 Ill. 72.

Mr. HORACE S. CLARK, for appellee; as to instruction upon " sufficient warning " cited St. L., V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197.

DAVIS, J.  This was an action brought by appellee to recover damages for the death of Cora Berry, caused by the alleged negligence of appellant.

Cora Berry, who at the time of the accident was about seven and a half years old, was traveling in a two-horse wagon toward a railroad crossing of the Peoria, Decatur & Evansville Railway Company, over and upon Marion avenue, a highway in the city of Mattoon, accompanied by her mother and her brother-in-law, Edward Scott.  Scott was driving the team and the party rode slowly along the southern part of the city and through Marion avenue, until they had reached within about nineteen feet of the railway track crossing the avenue, when a freight train on appellant's road approaching the crossing at the usual rate of speed frightened the horses.  Scott attempted to hold them, but in the effort the horses turned suddenly at the distance of nineteen feet from the track and cramped the wagon and threw the occupants out to the ground.  In the fall Cora Berry broke her neck and died immediately.

The negligence charged upon appellant, and which, it is averred, caused the death of said Cora Berry, was the building and maintaining a tool house which was an obstruction, which obstructed the view of the railroad track from a portion of Marion avenue where it crossed said railroad; in driving a locomotive and train of cars along the railway past said tool house across the said highway at an unlawful and unusual rate of speed; and in failing to ring a bell or blow a whistle on the locomotive at a distance of eighty rods from the crossing and continuing such blowing or whistling until such crossing was reached as required by law.

No evidence was given on the trial below of the rate of speed at which appellant was permitted to run its trains through the city of Mattoon.  The evidence which was given shows that the train at the time of the accident was not running at an unlawful or unusual rate of speed.

The evidence on the question of ringing a bell or blowing a whistle was conflicting, though we think it preponderated in favor of the claim of appellee, that no bell was rung or whistle blown as required by the statute.    In the case of a conflict of testimony, the rule requires that the instructions given to the jury should be accurate.    In this case the fourth instruction given for appellee was erroneous.    It is " The court instructs the jury that it is the duty of railroad companies when engines and trains of cars are approaching public highways upon their road, to give a sufficient warning of their approach that a reasonably careful person approaching their road upon such highways using ordinary care may be apprised of such approaching engine."

A similar instruction was condemned in C. & A. R. R. Co. v. Robinson, 106 Ill. 142, on the ground that the warning the law requires the servants on the train to give, is to sound a whistle or ring a bell, and that " due warning," which was the term used in the Robinson case, might be understood yq the jury to mean more than what the statute requires. " Sufficient warning " and " due warning " are open to the same objection.    The judgment for appellee which was for $2,000, must therefore be reversed and the cause remanded.

Reversed and remanded.