## Ella N. Roy, administratrix, v. East St. Louis & Suburban Railway Company.

1. RAILROAD CROSSINGS—*duty of electric railroad company at.* The duty of an electric railroad company at railroad crossings is the same as that of steam railroads, where such electric railroad company is organized under the General Railroad Act.

2. JUDGMENT—*when form of, will not reverse.* The mere fact that the judgment in a case is against an administratrix for costs will not reverse, as the error is harmless and readily susceptible of being corrected.

Action on the case for death caused by alleged wrongful act. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

F. C. SMITH and M. MILLARD, for plaintiff in error.

M. W. SCHAEFER, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court. The East St. Louis & Suburban Railway Company, defendant in error, is a corporation organized under and by

authority of chapter 114, R. S., Illinois, known and referred to as the Railway Act. At the time of the injury complained of in this case, it controlled and operated an electric railway extending from East St. Louis, in St. Clair County, in a northeasterly direction to Edwardsville, in Madison county. Its business was that of a common carrier of passengers, baggage and freight between the terminal points and intervening stations. In its business it used and operated passenger coaches and freight cars equipped with electric motors and run by electric power. About a quarter of a mile northeast of the corporate limits of East St. Louis, defendant's railway crosses on grade the tracks of the Vandalia Railroad. On the morning of Sunday, July 26, 1903, an accommodation west-bound train on the Vandalia road, laden with passengers, running at a high rate of speed toward East St. Louis, drawn by an engine, with tender in front, in charge of John U. Roy, plaintiff's intestate, struck the rear truck of a south-bound passenger car on defendant's road at the crossing. The engine was thrown from the track and the engineer, Roy, was killed. This suit was brought by his widow, Ella N. Roy, as administratrix, to recover damages for his death.

The declaration alleges that defendant was negligent in running its car up to and over the crossing, thereby causing the collision and injury complained of. The general issue was filed. A trial by jury resulted in a verdict for defendant. Plaintiff moved for a new trial, which motion was overruled and judgment on the verdict for defendant and against plaintiff for costs was entered, from which plaintiff presents this writ of error.

Of errors assigned on the record we find only two, the 4th and 9th, discussed in the argument by plaintiff's counsel. Under the fourth assignment complaint is made of a number of instructions given to the jury at the instance of the defendant. Some of these are subject to criticism, being more or less ambiguous in the statement of the law; in some, the evidence relied upon in defense is given undue prominence by recital and repetition; but when considered

as part of a series in connection with all other given in-
structions as well those for the plaintiff as for the defend-
ant, we find no substantial error by which the plaintiff
was in any way prejudiced in her right to have issue of
fact under the pleadings fairly submitted and tried by the
jury. By instructions numbered 20 and 21, to which ob-
jection is made, the court instructed the jury that the stat-
ute requires the ringing of a bell or the blowing of a whistle
eighty rods from a highway crossing, and the jury were
directed to apply this statute to the evidence in the case,
and if they found from the evidence that plaintiff's intes-
tate, as engineer, failed and neglected to ring the bell or
blow the whistle as required by statute, and that his negli-
gence in that respect caused the collision and injury, then
the verdict should be for the defendant. It was proved
that the crossing of defendant's railway was also a highway
crossing of the Vandalia Railroad, for the railway at that
point was built and is located along and upon a public
highway known as the Collinsville Rock Road. There was
evidence, to which no objection was made, tending to prove
that the required signals were not given. It was not error
to give the instruction. A large part of plaintiff's argu-
ment is directed against instructions 23, 24, 27 and 28, by
which defendant invokes par. 75, sec. 12, chap. 114, R. S.
Hurd. Number 28 is sufficient for the purpose of discus-
sion and reads as follows:

"The court instructs the jury that the law is, that all
trains running on any railroad in this State, when approach-
ing a crossing with another railroad upon the same level,
shall be brought to a full stop within eight hundred feet of
the crossing, and the engineer in charge of the train shall
positively ascertain if the way is clear and the train can
safely resume its course before passing the crossing; and if
the jury believe from the evidence in this case, that John
U. Roy, did not bring his train to a full stop within eight
hundred feet of the crossing of the defendant railroad, on
the same level, and that such failure caused the collision
in which the said John U. Roy was hurt, then the plaintiff

cannot recover in this case, and your verdict should be in favor of the defendant."

That the defendant company was organized under the General Railroad Act is not disputed, but it is contended by plaintiff that electric railways, whether urban, suburban or interurban, when regarded with respect to their functions and operations, are to be treated merely as street railroads, and that section 12 of the statute can apply only to crossings of railroads over which trains are operated by locomotive steam engines; that the character of the trains on both roads is fixed by the description given them in that they are to have an "engine attached." We cannot agree with this interpretation of the statute. By the act under which it was incorporated, defendant was empowered "to construct its railway across, along or upon any stream of water, water course, street, highway, plank road, turnpike or canal which the route of such railway shall intersect or touch" (sec. 19, clause 5); and "to receive and convey persons and property on its railway, by the power and force of steam or animals or by any mechanical power" (sec. 19, clause 7). The source of its powers under the law is the same as that of the Vandalia Railroad Company; its purpose and business to convey passengers and property is the same; and it differs only in respect to the mechanical power employed. Again, in referring to paragraph 75, we find that it relates to "all trains running on any railroad" and the duty to stop the train within eight hundred feet of the crossing is imposed upon "the engineer or other person in charge of the engine attached to the train." Keeping in view the statutory purpose to prevent the collision of trains and consequent injury to persons and property, we have no trouble to find a suitable definition for the word "engine." The first given in the Standard Dictionary is, "A machine by which power is applied to the doing of work, particularly one that converts some motive energy, especially heat, into mechanical power; a motor." Surely the electrical motor and apparatus by which appellee's car was operated may fairly be called an "engine" within the meaning

of the statute, and motorneer is only another name for engineer. We are therefore of opinion that the crossing of defendant's ralroad and the Vandalia Railroad is within the purview of par. 75, and that the instructions were properly given.

The ninth assignment, that the court erred in awarding an execution against the plaintiff, an administratrix, for costs instead of a proper direction "to be paid in due course of administration," will not be entertained, for the reason that it does not appear in the abstract, and for the further reason that it is purely technical and harmless in its effect upon plaintiff. If considered otherwise it could readily be cured by a proper form of judgment entered in this court. Peck, Admr., v. Stevens, 5 Gil. 127; Masters, Admx., v. Masters, 13 App. 611; Robinson et al. Receivers v. Kirkwood, 91 App. 54. Finding no prejudicial error in the proceedings and no question of the sufficiency of the evidence having been presented, the verdict of the jury is held conclusive of the rights of the parties and the judgment of the City Court will therefore be affirmed.

*Affirmed.*