## Chicago, Burlington & Quincy Railway Company v. Lovisa E. Sack et al.

### Gen. No. 4,645.

1. DUE CARE—*how instructions should define.* Instructions with respect to care to be exercised while crossing railroad tracks should not limit the exercise thereof to the actual time of crossing but should include the time of approaching as well.

2. NEGLIGENCE—*when instruction as to, erroneous.* An instruction upon the subject of negligence is erroneous which does not sum up all the material facts which the evidence tends to prove and which does not leave it to the jury to determine whether such facts constitute negligence.

3. CROSSING—*ringing of bell or blowing of whistle satisfies statute.* Either the ringing of a bell or the blowing of a whistle, as

provided by statute, when a train is approaching a crossing, satisfies the provisions of such statute.

4. CROSSING—*train need not be stopped to enable team to cross.* Unless there is something unusual about the actions of a team or the driver thereof, a train need not be stopped at a railroad crossing to enable such team to cross.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

J. L. BREARTON and F. J. STRANSKY, for appellant; CHESTER M. DAWES, of counsel.

GEORGE L. HOFFMAN, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This was an action on the case brought by the administrators of the estate of Henry Sack, deceased, seeking to recover damages for the loss of support by the widow and children of deceased who was killed by appellant's freight train while crossing appellant's tracks upon a public street in the village of Chadwick. There was a verdict for appellees for $4,500 and judgment upon the verdict, and the railway company appeals the case to this court.

The declaration contains several counts, and alleges due care on the part of the deceased, and negligence on the part of appellant; that it carelessly and improperly drove and managed its locomotive engine; that no bell, of at least thirty pounds weight, or steam whistle was rung or whistled; that the village of Chadwick had, by section one of ordinance No. 16 of said village, provided that no locomotive engine, passenger or freight car shall be driven or run upon any railroad track in said village at a greater speed than ten miles an hour, yet the defendant, not regarding said ordinance, ran said engine and train at a greater speed than ten miles

an hour, to wit, at forty-five miles an hour, whereby, etc.

The evidence shows that Main street in the village of Chadwick runs north and south, and three parallel tracks of appellant cross Main street at an angle of about forty-five degrees running in a northwesterly and southeasterly direction. The north track is the main track; the center track is the passing track, and the south track is known as the "elevator track."

There are a number of buildings on each side of Main street south of the elevator track, among them an elevator on the east side of the street, and on the day of the accident a freight car stood on the elevator track on the east side of the street, projecting into the street, leaving a space of fifteen feet between the end of the car and the traveled part of the street. The distance from the center of the elevator track to the center of the main track, parallel with the street, is sixty-five feet. On the morning of November 18, 1903, at about nine o'clock, the deceased had been to a creamery about one hundred feet south of the right of way, driving a light spring wagon and two horses, and while driving north was struck by a train and killed.

Appellant has assigned error upon several rulings upon the admissibility of evidence offered by appellees, and upon certain instructions given on behalf of appellees.

The evidence tends to show, that the deceased saw the train as soon as he drove upon the right of way, for the reason that he stood up and applied the whip to the horses. The sixth, seventh and sixteenth instructions asked by appellees limited the care required of deceased to "at the time he was so struck." These instructions should have required him to use due care while approaching the crossing as well as at the time of the injury. North Chicago St. R. R. Co. v. Cossar, 203 Ill. 608; I. C. R. R. Co. v. Kief, 111 Ill. App. 354. The sixth is also an abstract proposition, and contains

no reference to the evidence. The eleventh instruction, after reciting the facts claimed by plaintiff to be proven, uses the words, "*as shown by the evidence,*" and thereby assumes and tells the jury these facts have been proven. The expression should have been, "if the same is shown by the evidence."

The twelfth instruction directs the jury if they believe certain facts have been proven by the evidence, "and that the deceased was in the exercise of ordinary care before and at the time of the accident for his personal safety as shown by the evidence," they should find the defendant guilty.

This instruction does not leave to the jury the question whether the facts alleged in it are negligence or not. An instruction directing a verdict must include all the material facts that the evidence tends to prove, both for the plaintiff and defendant, and it must leave the jury to decide whether the facts stated constitute negligence. Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658; Pardridge v. Cutler, 168 Ill. 504. This instruction also assumes and states that the exercise of care by the deceased person has been shown. Bradley v. Coolbaugh, 91 Ill. 148. This instruction, with the fifth and fifteenth given on the part of appellees, were misleading, in that the jury might understand that under the statute the appellant was obliged both to ring the bell and blow the whistle continuously, for the entire distance of eighty rods, while the courts have construed the statute to mean that either ringing the bell or blowing the whistle fully complies with the requirement of the statute. Chicago, Burlington & Quincy R. R. Co. v. Damerell, 81 Ill. 450. The instructions should be so worded that they do not convey the idea that if the appellant omitted either to ring the bell or blow the whistle it was liable. If it did either one, it complied with the requirement of the statute. Instructions should not be so ambiguous as to admit of two entirely different constructions. C., B. & Q. R. R.

Co. v. Housh, 12 Ill. App. 88. These errors were so serious that the verdict cannot be sustained.

The giving of proper instructions for appellant could not correct these errors, because we are unable to say which the jury followed. Especially where, as here, one of them directed a verdict.

In the second instruction the word "would" should be substituted for "could," and the instruction is otherwise erroneous, as the law does not require trains to be stopped that a team may cross the track, and trainmen have the right to presume a team will be stopped before reaching the track, for the train to cross first, unless there is something unusual about the actions of the driver or team to advise the trainmen that the train is not to be given the right of way; if that fact appears, then the train should, if possible, be stopped.

We will not comment upon the error assigned upon the admission of the ordinance, for the reason the cause will have to be remanded for a new trial, and the objections to this evidence, if tenable, may be obviated on a re-trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*