John D. Casey, Administrator, Appellant, v. Chicago and Eastern Illinois Railroad Company et al., Appellees.

### Gen. No. 14,907.

PERSONAL INJURIES—*what essential to recovery by trespasser.* A trespasser upon the right of way of a railroad company cannot recover unless from the evidence the jury may properly find that the conduct of the employes of the railroad company which resulted in the injury was not merely negligent but so reckless as to indicate a disregard for life or a general disposition to do injury.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

OSSIAN CAMERON and A. S. LAKEY, for appellant.

CALHOUN, LYFORD & SHEEAN, for appellees; E. H. SENEFF, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment on a directed verdict for the defendants in an action for wrongfully causing the death of plaintiff's intestate. One of the defendant corporations constructed and the other operated a railroad, the tracks of which near Seventy-ninth street in Chicago ran nearly north and south. A suburban passenger train was going north on the east track, the locomotive running with the tender in front. When the fireman, whose seat was on the east side of the locomotive, first saw deceased he was about two hundred feet north of the locomotive and six feet east of the east track, walking north. The engineer could not, from his seat on the west side of the locomotive, see the deceased. Just as the fireman noticed the deceased the engineer shut off steam for the stop at Seventy-ninth street, and the fireman reached over inside of the cab and turned a valve to set a blower in motion that blew the smoke upwards.

When the fireman next saw deceased he had crossed over on to the track in which the locomotive was running and was then less than twenty feet ahead of the locomotive. The fireman at once called to the engineer to stop and the engineer made every effort to do so, but was unable to stop the locomotive before it struck plaintiff's intestate and so injured him that death ensued.

Plaintiff's intestate was a trespasser on the right of way, and plaintiff could not recover unless from the evidence the jury might properly find that the conduct of the fireman was not merely negligent but was so reckless as to indicate a disregard for life or a general disposition to do injury. In Martin v. C. & N. W. Ry. Co., 194 Ill. 138, the fireman saw deceased lying on the track when the locomotive was 1,400 feet distant and when, if he had notified the engineer, the locomotive might have been stopped in time to prevent injury to deceased; and it was said, p. 148, "The knowledge of this fireman was the knowledge of the defendant, and if he neglected his duty when he had knowledge that deceased was upon the track, and did not notify the engineer in time to enable him to avert the injury, and could have done so, then it was a question for the jury whether the defendant was not guilty of negligence, and whether that negligence was not wanton and reckless to the extent of wilfulness." In C. T. T. R. R. Co. v. Kotoski, 199 Ill. 383, plaintiff was attempting to cross a trestle to reach an excursion train. When he was near the middle of the trestle the train started to back toward him and there was no place on the trestle on which he could stand and permit the train to pass by him in safety. A trainman stood on the rear car and saw plaintiff, but made no effort to stop the train. The train overtook plaintiff, threw him from the trestle and injured him, and it was said that the evidence tended to show that the injury was wilfully inflicted. In this case, when the fireman noticed deceased he was walking on a line parallel with the track and a sufficient dis-

tance from it as to be in no danger of injury from the approaching locomotive, and the fireman had a right to assume that deceased would remain at such safe distance from the track until he manifested a disposition to go upon, or so near to, the track as to be in danger of injury. C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 419; C. U. T. Co. v. Browdy, 206 Ill. 615.

The act of the fireman in turning his eyes away from the deceased for a short time, under the circumstances disclosed by the evidence, was not an act indicating a disregard for human life or a general disposition to do injury. The instant that the fireman discovered that deceased had turned toward the track and was in danger of injury from the approaching locomotive, he called to the engineer to stop. There is in the record no evidence tending to prove wilful misconduct on the part of the fireman, or conduct so wanton or reckless as to amount to or constitute wilful misconduct on his part.

On the evidence in this record the instruction to find the defendants not guilty was proper, and the judgment is affirmed.

*Affirmed.*