**William Kammann, Appellee, v. St. Louis & Northeastern Railway Company and St. Louis, Springfield & Peoria Railroad, Appellants.**

1. RAILROADS—*when statutes applicable to electric railroads.* Statutes passed to govern railroads are applicable to electric as well as steam railroads, unless it is apparent that they are not reasonably so.

2. RAILROADS—*statutory provisions.* An electric car does not come within the provision of R. S. chap. 114, § 68, requiring a bell of at least thirty pounds weight and a steam whistle to be placed and kept upon each locomotive engine.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912. Rehearing denied June 13, 1912.

TERRY & GUELTIG, for appellants; GEORGE W. BURTON and N. C. DILLON, of counsel.

C. N. BURTON, for appellee.

278    Appellate Courts of Illinois.

Kammann v. St. Louis & Northeastern Ry. Co., 173 Ill. App. 277.

Mr. Justice McBride delivered the opinion of the court.

This is an appeal from the Circuit Court of Madison county prosecuted to reverse a judgment of nineteen hundred dollars, secured by appellee and against the appellants in said court.

The facts in general are, that appellee was hauling a load of wheat over the highway that crossed the appellants railroad, and while crossing the road he was injured by appellant's car. It is claimed by appellee that appellants were operating upon its railroad an electric car, and that while he was in the exercise of due care the appellant was guilty of negligence in running into and upon appellee's team and wagon with its electric car. It is also claimed that appellant failed to equip its car with a bell of at least thirty pounds weight, and a steam whistle placed and kept on its locomotive engine, and by reason of the failure of appellant to comply with Section 68 appellee was injured. Appellant's car was not equipped with such bell or steam whistle and did not blow its whistle and ring its bell at a distance of eighty rods from the crossing, as required by such statute.

The first amended count of plaintiff's declaration charges the appellant with common law negligence in that it so carelessly, negligently and improperly by its servants drove its car, propelled by electricity, across the public highway; that the said car then and there ran and struck with great force and violence upon and against the wagon in which plaintiff was riding, whereby he was injured, etc.

The second amended count charges that the defendant was then and there possessed of a certain car, propelled by electricity, and driven by its servants over and across a certain public highway, crossed by said railroad about two miles southwest of Hamel, and by so doing no bell of at least thirty pounds in weight, or steam whistle was placed on said car or bell rung or whistled by the engineer, fireman, motorman or

other person at a distance of eighty rods from said crossing, and kept ringing and whistling until said crossing was reached by said car but therein made default, contrary to the statute in such case made and provided, and in consequence of such default the car ran and struck with great force against the wagon and injured the plaintiff while upon said highway, and while he was in the exercise of due care for his own safety.

After the evidence and argument of counsel the court instructed the jury for the appellee that, "It was the duty of the defendants to cause a bell to be rung or whistle to be blown on their car at a distance of at least eighty rods from the place where the railroad crosses or intersects the public highway in question, and keep the bell ringing or said whistle blowing until said highway was reached;" and refused the following instruction offered by appellants, "The court instructs the jury, that the car which came in collision with the team of plaintiff was an electric car and was not a locomotive engine operated by steam; that the law did not require that a bell of thirty pounds weight or a steam whistle placed on said car be rung or whistled at a distance of at least eighty rods from said crossing and kept ringing or whistling until the said crossing was reached by the said car."

The case was tried upon the theory that it was the duty of the defendant to carry a bell of at least thirty pounds weight, and a steam whistle kept and placed on its locomotive engine, etc., and to this question much argument has been offered by counsel for appellant and appellee. Several other errors were assigned and argued but as we view the law, in this case, it is not necessary to determine but the one question and that is whether or not appellant's electric car in its operation came within the provision of Section 68, Chapter 114 of the Revised Statutes, which required a bell of at least thirty pounds weight and a steam whistle to be placed and kept upon each locomotive

280 APPELLATE COURTS OF ILLINOIS.

Kammann v. St. Louis & Northeastern Ry. Co., 173 Ill. App. 277.

engine; in fact counsel for appellee, in the argument of the case, stated that if the said Section 68 does not apply to a car of this character that then there is reversible error in the record.

The statute in question was adopted for the governing of railroads many years before the operation of cars on such railroads by electricity was in vogue; this, however, did not prevent its application to new methods or means of transportation on railroads so far as such statute was applicable to such means and methods, but as soon as it becomes apparent that some of the methods and means adopted do not come within the provision of such statute, by any reasonable construction or application to its provision, then the courts would not be warranted in requiring improbable, if not impossible attachments to new inventions or modes of travel, to adapt them to the provision of such statute, or abandon such increased facilities of travel because of their inability to do so. We are referred to the decisions of this court in the case of Roy, v. East St. Louis & Suburban R. R. Co., 119 Ill. App. 313. This was an action arising by reason of the Interurban R. R. Co. failing to stop its car "when approaching a crossing with another railroad upon the same level," as provided in Section 75 of Chapter 114. We can find no fault with this decision as it was a reasonable requirement, of the appellant, to stop its car before reaching the other railroad, as provided by said Section. No reason exists why an electric car should not stop before crossing another railroad, as well as a steam locomotive.

The case of Malott v. Collinsville, Caseyville & East St. Louis Electric R. R. Co., 108 Fed. Rep. 313, 47 C. C. A. 345, was where the electric road was trying to secure a grade crossing over the Vandalia Railroad at Caseyville, and in discussing the question as to whether or not this statute was applicable to electric roads, as well as steam railroads, the court very properly held that it was not unreasonable to require elec-

tric railroads to comply with the statute in that regard.. Counsel for appellee contends that the same reasoning will lead inevitably to the conclusion that appellants operating an electric railroad are bound to comply with section 68 of the same act, and equip their cars with "a bell of at least thirty pounds weight and a steam whistle placed and kept on each locomotive engine." We do not believe that either one of the cases cited are decisive of the question presented in this case, for the reason that an electric road could as readily comply with the provision referred to in those cases, and were as well equipped to comply with such provision as steam railroads, and would not constitute an unreasonable requirement of such electric roads, and would not in any manner impede their operation or impose upon them an unnecessary burden, and we think the principles governing the cases cited are far from having any application to the question presented in this case. To comply with this statute the electric railroad would have to equip each car with a boiler and fire or other device to be used in generating steam so as to secure the "steam whistle" provided for; such an equipment is wholly foreign and the scheme or mode of operating such cars is not reasonably applicable, and this or something of a kindred character must have been in the mind of the writer of the opinion relied upon in the case of Malott v. Collinsville, Caseyville & E. St. L. Electric R. R. Co., *supra,* as he says, "we cannot conceive that these acts, so far at least as they are reasonably applicable, were not meant to cover every form of railroad that in the march of events answers the purpose of general transportation," and in using the words "so far as applicable" he certainly realized that some of the provisions of the statute were not applicable in all respects to electric railroads.

Because of the recent development in electric railroads the question here presented has not been, as we have been advised or able to ascertain, often passed

upon by the courts of the several states. It has been, however, decided by the Supreme Court of Massachusetts, in the case of Fallon v. West End Street R. R. Co., 171 Mass. 249, that under the laws of 1887 making the employer liable for injuries to an employee resulting from negligence of a fellow employee in charge of "a locomotive engine or train upon a railroad" relates to those operated or originally intended to be operated to some extent by steam, and does not include electrically propelled cars on street railroads. And the case of Indianapolis & G. Rapid Trans. Co. v. Andis, 33 Ind. App. 625, decides that under the employers liability act of March 4, 1893, providing that every railroad or other corporation shall be liable for damages for personal injuries suffered by an employee where the injury was caused by the negligence of any employe in charge of any signal, telegraph office, "locomotive engine, or train upon a railroad," does not apply to employees operating electric cars, such a car not being a "locomotive engine or a train upon a railroad," within the meaning of the statute. While we are of the opinion that a car operated upon a railroad by electricity is not by this statute required to provide itself with a steam whistle or a thirty pound bell, it is not to be inferred that the defendant operating such car is to be absolved from liability in not giving warning to persons upon the highway crossing its road as there is a duty devolving upon such persons to give reasonable and proper warnings of their approach at all highway crossings or other places where persons may be expected to cross their track.

We are of the opinion that in as much as this case was tried upon the theory that the defendant must equip its car with a steam whistle and a bell of thirty pound weight, as provided by section 68, that such theory was erroneous and because of this error the judgment cannot stand, and is reversed and remanded with directions to proceed with the case in conformity with the views herein expressed.

*Reversed and remanded.*