Gerda Morgan, Administratrix of the Estate of Fred
Morgan, Deceased, Appellant, v. Rockford, Beloit
& Janesville Railway Company, Appellee.

Gen. No. 7,963.

128

Heard in this court
at the October term, 1928. Opinion filed January 2, 1929.

KNIGHT & SWENSON, for appellant; JAMES A. PENNY, of counsel.

HALL & DUSHER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted by appellant against appellee in the circuit court of Winnebago county to recover for the death of her intestate, resulting from a crossing collision.

The declaration, as originally filed, consisted of five counts, the last of which was withdrawn by appel-

lee. The first count charges general negligence. The second count charges the failure of appellee to have proper lights on the front of its interurban car, and the operation of the same at "excessive speed, to wit, forty miles an hour." The third count charges knowledge on the part of those in charge of said car that the crossing where the injury occurred was a much-traveled crossing, and that, with such knowledge, they operated said car at an excessive rate of speed, with its headlight closed, after dark. The fourth count charges a failure to blow a whistle, etc.

To said declaration, appellee filed a plea of the general issue. A trial was had, resulting in a verdict and judgment in favor of appellee. To reverse said judgment, this appeal is prosecuted.

The record discloses that appellant's intestate, with appellant, his wife, were on August 14, 1927, riding in company with Frank Potter and his wife. Mr. Potter and appellant's intestate were riding in the front seat. Potter was driving the car, sitting on the left, and appellant's intestate sitting to his right. Appellant and Mrs. Potter were riding in the rear seat. At about 7:30 to 8 o'clock in the evening, the occupants of said car were driving in a northerly direction on Second Street in the unincorporated village of Love's Park, which said street is adjacent and parallel to appellee's right of way. Sidney Avenue crosses appellee's track and Second Street at right angles. When the occupants of said automobile reached Sidney Avenue, they turned east to cross said track. Said automobile was struck by said interurban car, which was proceeding north on said track, and appellant's intestate was fatally injured, dying a few hours thereafter.

Counsel for appellant refers to said village as "thickly populated." There is no evidence whatever with reference to the size or the population of said village. There is no evidence with reference to whether

or not Sidney Avenue is a much-traveled street. One witness on the part of appellee testified that the traffic was heavy on Second Street, and this is the only evidence in the record in this connection.

While other errors are assigned, the only errors taken up in the argument of counsel for a reversal of said judgment are the giving of appellee's first, third, twelfth, fourteenth, fifteenth, sixteenth and seventeenth instructions. In passing on these instructions, we will consider them in the order in which counsel for appellant have taken them up in their brief and argument.

It is first contended that the court erred in giving appellee's instruction No. 17. Said instruction is as follows:

"The Court instructs the jury that the crossing in question, being outside the limits of any incorporated town, city or village, that the defendant's interurban car in approaching and passing over said crossing had the right of way over the automobile in which the deceased, Fred Morgan, was riding and if you believe from the evidence that Fred Morgan, in approaching said crossing, saw, or by the exercise of ordinary care, caution, diligence and prudence on his part, would have seen the defendant's interurban car approaching said crossing and if the jury further believe from the evidence that if said Morgan had looked and had seen said car he could have caused the driver of the automobile to stop before going on said crossing, then, and under such circumstances, the law made it the duty of the said Fred Morgan to look and if he saw said interurban car, to warn the driver of the automobile to slacken the speed or stop said automobile so as to permit the defendant's interurban car to pass over said crossing ahead of said automobile."

The principal criticism of this instruction is that it informs the jury that appellant had the right of way over the automobile in question. This being an unin-

corporated village, said instruction stated a correct principle of law in this connection and the court did not err in giving said instruction. *St. Louis, A & T. H. R. Co. v. Manly*, 58 Ill. 300–305; *Toledo, W. & W. Ry. Co. v. Jones*, 76 Ill. 311–316; *Chicago, B. & Q. R. Co. v. Damerell*, 81 Ill. 450–453; *Newell v. Cleveland, C., C. & St. L. R. Co.*, 261 Ill. 505–511; *Williams v. Pennsylvania R. Co.*, 235 Ill. App. 49–55.

In *Newell v. Cleveland, C., C. & St. L. R. Co., supra*, the court at page 511 says:

"Where a railroad train and a person traveling on the highway each approaches a railroad crossing at the same time, it is not the duty of the company to stop its train, but it is the duty of the traveler, in obedience to the known custom of the country, to stop and not attempt to pass in front of the advancing train."

The same rule that applies with reference to a steam railroad line applies to an interurban in matters of this character. *Roy v. East St. Louis & Suburban Ry. Co.*, 119 Ill. App. 313–316; *Kammann v. St. Louis & N. Ry. Co.*, 173 Ill. App. 277.

The criticism as to instructions number one and fourteen is that the court informed the jury that appellee was not under the law limited to any particular rate of speed in the operation of its car.

Said instructions stated the law correctly, and the court did not err in giving the same. *Partlow v. Illinois Cent. R. Co.*, 150 Ill. 321–325; *Passwaters v. Lake Erie & W. R. Co.*, 181 Ill. App. 44–47.

It is contended as to appellee's third, twelfth and fifteenth instructions, that the court erred in instructing the jury that it was the duty of appellant's intestate to exercise ordinary care and caution, etc., to prevent a collision and injury to himself. While instruction number fifteen is possibly not as carefully guarded as it should have been, said instruction stated correct principles of law, and taken with the series

of instructions given, appellant was not prejudiced by the giving of the same.

It is also insisted that the court erred in giving appellee's sixteenth instruction, the complaint being that it stated to the jury "that the motorman had a right to assume that the automobile would stop to allow his interurban car to pass," the principal objection being to the use of the term "assume." This instruction states a correct principle of law and the court did not err in giving the same. *Chicago, R. I. & P. R. Co. v. Austin,* 69 Ill. 426–429; *Chicago, B. & Q. Ry. Co. v. Sack,* 129 Ill. App. 58–62; *Casey v. Chicago & E. I. R. Co.,* 152 Ill. App. 441–443; *Storm v. Cleveland, C., C. & St. L. Ry. Co.,* 156 Ill. App. 88–93.

It is insisted on the part of appellee that, whether or not any of the objections to the instructions in question are well taken, the record fails to disclose that appellant's intestate was in the exercise of ordinary care for his own safety, just prior to and at the time in question.

The evidence on the part of appellant is to the effect that said interurban car was being operated at a speed of some 40 miles per hour at the time of the collision; that no whistle was sounded for said crossing, and that the headlight on said car was either dim or was coming on and off as it approached said crossing.

On behalf of appellee, some eight witnesses testified affirmatively that the whistle was sounded. Several of said witnesses testified that the gong or bell was being sounded; that the car was lighted as it approached said crossing, and that the headlight was on. The witnesses on behalf of appellee fixed the speed of said car at from 28 to 30 miles per hour.

Mrs. Potter testified on behalf of appellant that she did not see the interurban in question until they were within a few feet of the track, and that at that time the automobile was being operated at about 15 miles per hour. Other witnesses testified that when the auto-

mobile turned on to Sidney Avenue, it was being operated at a low rate of speed, from six to eight miles per hour. Mr. Potter, the driver of the car, testified that after he had turned on Sidney Avenue, he stopped some eight or ten minutes, and looked up and down said interurban track, and saw no car. He afterwards testified that he did not know just how long he waited before crossing the track. He is the only witness, either for appellant or appellee, who testified that the automobile was stopped before said collision. It is not contended, and the evidence fails to disclose that there were any obstructions to the view of persons crossing appellee's track on Sidney Avenue.

There is no evidence in the record tending to show that appellant's intestate said or did anything evidencing the exercise of any care as said automobile approached said crossing. Frank Potter, the driver testified, "The weather was clear. I do not recollect that Mr. Morgan said or did anything."

Before a party can recover for an injury alleged to have been caused by the negligence of another, he must prove affirmatively the exercise of due care for his own safety. *Calumet Iron & Steel Co. v. Martin,* 115 Ill. 358–368; *Werk v. Illinois Steel Co.,* 154 Ill. 427–432; *North Chicago St. R. Co. v. Cossar,* 203 Ill. 608–615; *Walters v. City of Ottawa,* 240 Ill. 259–266.

Where a person is killed in an accident, and there are no eyewitnesses, proof of due care may be made by evidence tending to show the physical condition of the deceased, and that he was a man of careful habits. That character of proof was not offered and would not have been proper if offered, for the reason that there were eyewitnesses. The only eyewitness in this connection testified that the deceased said and did nothing. There is therefore no affirmative proof in the record tending to prove due care on the part of appellant's intestate. The fact that the deceased was not actually driving the automobile in which he was

riding, did not excuse him from exercising ordinary care. *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460–480; *Pienta v. Chicago City Ry. Co.,* 284 Ill. 246–259; *Opp v. Pryor,* 294 Ill. 538–547; *Pence v. Hines,* 221 Ill. App. 584–588; *Greenstreet v. Atchison, T. & S. F. Ry. Co.,* 234 Ill. App. 339–344–345. In *Opp v. Pryor, supra,* the court at page 547, in discussing a question of this character, says:

"It was essential for the plaintiff to prove that she was in the exercise of ordinary care for her own safety in approaching and going upon the crossing, and she was not relieved from that duty because she was riding in an automobile. If she exercised such care any negligence of Ethel Shambaugh could not be imputed to her, but she would be responsible for her own negligence. The plaintiff sat to the right of the driver in front, with at least equal opportunity to observe danger and the approach of the train, and being bound to prove the exercise of ordinary care by herself, it was no less her duty than that of the driver to observe and avoid danger, if practicable, and to warn the driver."

Under the holding of the foregoing cases, appellant wholly failed to prove the exercise of ordinary care on the part of her intestate, and there is therefore no right of recovery.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*