LOUISA SPAULDING

*v.*

CATHERINE M. WHITE.

*Opinion filed April 21, 1898.*

1. EQUITY—*power to entertain bill to set aside probate of will is wholly statutory.* The power of equity to entertain a bill to set aside a will or the probate thereof is derived exclusively from the statute, and the jurisdiction thereby conferred can be exercised only in the manner and under the limitations prescribed.

2. SAME—*statute fixing time when bill to contest will must be filed is not a limitation law.* Section 7 of the act on wills, (Rev. Stat. 1874, p. 1102,) which confers jurisdiction upon courts of equity to entertain a bill to contest a will within three years after probate, is not a limita-

tion law, nor does it create in parties interested a vested right to the full term so fixed, regardless of legislative changes.

3. SAME—*law in force when a bill to contest a will is filed controls as to jurisdiction.* The law in force at the time a bill to set aside the probate of a will is filed controls the jurisdiction of the court to entertain the same, and not the law in force when the will was probated.

4. LIMITATIONS—*when change in Limitation law is valid.* A change in a limitation law which shortens the time within which a remedy may be invoked, is valid, if a reasonable time remains to enable parties having causes of action to invoke the remedy before the expiration of the new limitation.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

MARY A. AHRENS, (JAMES D. ANDREWS, of counsel,) for plaintiff in error:

Deprivation of a remedy is a deprivation of a right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away. *Board of Education* v. *Blodgett,* 155 Ill. 441.

A vested cause of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. Where the cause of action springs from contract or from the principles of the common law, it is not competent for the legislature to take it away. Cooley's Const. Lim. 443; *Board of Education* v. *Blodgett,* 155 Ill. 441.

Retroactive legislation is never favored when it works injustice or operates to deprive parties of vested rights, but it has always been held that it is competent for the General Assembly to change the remedy if thereby the right is not affected. *Hosmer* v. *People,* 96 Ill. 58.

HARVEY B. HURD, for defendant in error:

The right to file a bill to contest a will is purely statutory. *Luther* v. *Luther,* 122 Ill. 558; *Wheeler* v. *Wheeler,* 134 id. 525; *Jele* v. *Lemberger,* 163 id. 338; *Peacock* v. *Churchill,* 38 Ill. App. 635.

There is a marked difference between a statute which gives a remedy and fixes a time within which it may be exercised, and a statute of limitations which fixes a time within which a common law remedy may be resorted to. "*The Harrisburg*," 119 U. S. 199.

Before the bar of the statute has fallen, the State may establish, alter, lengthen or shorten the period of limitation. *Terry* v. *Anderson*, 95 U. S. 628; *Ryhiner* v. *Frank*, 105 Ill. 326; Am. & Eng. Ency. of Law, 696, and cases cited.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

On March 24, 1894, Hugh A. White, a brother of Louisa Spaulding, died, leaving a last will and testament, by which he devised real and personal property to Catherine M. White, his widow. That will was probated March 29, 1894. At the March term, 1897, of the circuit court of Cook county, Louisa Spaulding, alleging that she was the heir of Hugh A. White, filed in the circuit court of Cook county a bill to set aside the will on the ground of mental incapacity on the part of the testator. A demurrer was interposed on the ground that the bill was filed more than two years after the probate of the will, and the court had no jurisdiction to entertain the same. The contention of the plaintiff in error was that the bill was filed within three years after the time the will was probated, which was the time fixed by the statute when the will was so admitted to probate.

By section 7 of "An act in regard to wills," approved March 20, 1872, it was provided that when any will, testament or codicil shall be exhibited in the county court for probate, it shall be the duty of the court to receive the probate of the same without delay and grant letters, etc., and make settlement of the estate, "*provided, however*, that if any person interested shall, within three years after the probate of any such will, testament or codicil in the

county court, as aforesaid, appear, and by his or her bill
in chancery contest the validity of the same, an issue at
law shall be made up whether the writing produced be
the will of the testator or testatrix or not." By an amend-
ment made in 1895 the time within which any person in-
terested might appear and by his or her bill in chancery
contest the validity of the will was reduced from three
to two years. The will herein having been probated on
the 29th of March, 1894, and the bill having been filed in
March, 1897, the question is whether the amendatory act
of 1895 applies.

There is a material distinction between a statute con-
ferring jurisdiction and fixing a time within which it may
be exercised, and a statute of limitations. The seventh
section, as it stood before this amendment, conferred ju-
risdiction on a court of chancery to entertain a bill to con-
test a will. The act as it stood prior to the amendment
gave no vested right to any one interested, who desired
to contest a will, to have the full term so fixed within
which a court should entertain jurisdiction. By the gen-
eral jurisdiction of courts of equity a bill will not lie to
set aside a will or its probate independently of statutes
enacted conferring such jurisdiction. The power to enter-
tain a bill for that purpose is derived exclusively from
the statute, and the jurisdiction can be exercised only in
the manner and under the limitations prescribed by the
statute. The time within which such bill may be filed
under the statute by any person interested is not a limita-
tion law. (*Luther* v. *Luther*, 122 Ill. 558; *Wheeler* v. *Wheeler*,
134 id. 522; *Jele* v. *Lemberger*, 163 id. 338.) The statute in
force at the time of the filing of the bill is the statute
which confers jurisdiction on the court to entertain a bill
to contest the validity of the will, and must govern.

But even if this amendatory act could be regarded as
purely a limitation act, it could not avail the plaintiff in
error in this contention. The will having been probated
March 29, 1894, and the act amending section 7 of the

Statute of Wills being approved April 11, 1895, and in effect July 1, 1895, the plaintiff in error had the time from July 1, 1895, to March 29, 1896,—a period of about nine months,—within which to file her bill. Under any circumstances that would be regarded as a reasonable time within which such bill should be filed. Where a statute of limitations limiting the time within which an act may be done is modified by changing the time, if such change still gives a reasonable time for the performance of the act, taking away no vested right, it is a valid law. *Ryhiner* v. *Frank*, 105 Ill. 326.

The court had no jurisdiction to entertain this bill, and it was not error to sustain the demurrer and dismiss the bill for want of equity. The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*