### Martha A. Dare, administratrix, v. Wabash, Chester & Western Railroad Company.

1. DEATH CAUSED BY ALLEGED WRONGFUL ACT—*time within which action for, must be commenced.* Such an action must be commenced within one year from the time when the cause of action arose—that is to say, the law in force at the time of the bringing of the suit, not that at the time when the cause of action arose, is the rule of limitation.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Jefferson County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

WILLIAM H. GREEN, for plaintiff in error.

R. L. FARTHING and H. CLAY HORNER, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

Suit was brought by plaintiff in error against the defendant in error under chapter 70, R. S., to recover dam-

ages for the death of Raymond Dare, plaintiff's intestate, who, it is alleged, came to his death by drowning through the negligence of defendant. To each of the three counts in the declaration defendant pleaded the general issue, and filed a special plea that the cause of action did not accrue to the plaintiff within one year next before the commencement of the suit. A demurrer to the special plea was overruled. The plaintiff electing to stand by her demurrer and declining further to reply, judgment against the plaintiff dismissing the suit was entered, to reverse which the record is brought to this court on writ of error.

On the 13th day of October, 1902, Raymond Dare, plaintiff's minor child and intestate, was drowned in a cistern on the defendant's right of way. This suit was commenced December 12, 1903. By amendment of section 2, chapter 70, R. S., in force July 1, 1903, it is provided, that actions to recover compensation for causing death by wrongful act, neglect, or default, shall be commenced within one year after the death of the person for which such compensation is sought. Prior to the amendment of 1903, and at the time Raymond Dare lost his life, an action was given by the statute if suit was commenced within two years after the death. The only question presented by this record is whether or not the plaintiff began suit within the time required by the statute. The cause of action set out in the declaration did not exist at common law. The right to bring or maintain a suit for damages or compensation for wrongful act or negligence causing death is purely statutory, and only, when within the express provisions and conditions imposed by the statute, may such action now be maintained. It was quite within the legislative power of the general assembly, in the first instance, to give a right of action within the time and upon the conditions prescribed; and it was equally within its power, in 1903, to take away the right altogether, or impose new and different conditions upon which it might be asserted. The right of action is given by section 1 of the statute, but the condition imposed by section 2 is that it shall be commenced within one year

17

after the death. Until the suit is commenced the condition upon which the right is given has not been complied with. When the statute was first enacted the right of action was given only to those who commenced the suit within two years. It is not strictly correct to say that the right then *accrued* for that conveys the idea of prior eixstence, which it did not have. And herein the time limit provided by section 2, is to be distinguished from the time limit within which actions *accrued* may be brought under chapter 83, R. S., the Limitations Act. The case of Spaulding v. White, 173 Ill. 127, is in point. By section 7, Statutes of Wills, passed in 1872, the right to contest the validity of a will by a bill in chancery was given, provided the bill for that purpose was exhibited within three years after probate. By an amendment of the statute in 1895, the time within which a bill to contest might be filed was reduced to two years. After the amendment was enacted, a bill to contest a will was filed more than two years and less than three years after the probate thereof, and in the Spaulding case as in this, the right given by statute was challenged for the reason, that it was not availed of within the time limit provided; and it was held that "there is a material distinction between a statute conferring jurisdiction and fixing a time within which it may be exercised and a statute of limitations. * * * The act as it stood prior to the amendment gave no vested right * * * to have the full term so fixed within which a court should entertain jurisdiction. The power to entertain a bill for that purpose is derived exclusively from the statute, and the jurisdiction can be exercised only in the manner and under the limitations prescribed in the statute. The time within which such bill may be filed * * * is not a limitation law. The statute in force at the time of the filing of the bill is the statute which confers jurisdiction on the court to entertain a bill to contest the validity of the will, and must govern." So it may be said in this case the amendment of 1903, the statute in force at the time of bringing the suit, must control.

In Staunton Coal Co. v. Fischer, Admr., *post,* p. 284, the same question was considered and our conclusions in that case as in this were adverse to the plaintiff. The judgment of the Circuit Court will be affirmed.

*Affirmed.*