## Staunton Coal Company v. Henry A. Fischer, administrator.

1. AMENDMENT—*when change of plaintiffs, unauthorized.* Both the "cause of action" and the "right of action," contemplated by chapters 70 and 93, respectively, of the Revised Statutes are different and distinct and an amendment which permits the substitution of the administrator, provided as plaintiff by chapter 70, for the widow, provided as plaintiff by chapter 93, is unauthorized.

2. DEATH CAUSED BY ALLEGED WRONGFUL ACT—*when action for, must be commenced.* Such an action must be instituted within one year from the time when the cause of action arises.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

PERCY WERNER, for appellant; TRAVOUS, WARNOCK & BURROUGHS, of counsel.

BURTON & WHEELER and JETT & KINDER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action on the case against appellant to recover damages for the death of Edward Bayliss, the husband of Jessina Bayliss. For the facts and circumstances under which Edward Bayliss came to his death reference is made to the statement in the case of Staunton Coal Co. v. Bub, *ante*, p. 278.

The death of Edward Bayliss occurred on January 14, 1903. Summons in this action was issued on August 8, 1903, and served on appellant September 12, 1903. The original declaration was filed October 9, 1903. The action was originally entitled Jessina Bayliss v. Staunton Coal Company. The original declaration contained three counts, in all of which the defendant was charged with a wilful violation of the Miners Act and with wilful failure to comply with its provisions. It is averred that the plaintiff Jessina Bayliss, was the wife and is now the widow of Edward Bayliss, deceased, and that he left surviving him the

plaintiff and two minor children.  On May 23, 1904, leave was granted by the Circuit Court to plaintiff to amend her declaration by substituting Henry Fischer, administrator of the estate of Edward Bayliss, deceased, as plaintiff, instead of Jessina Bayliss, to the granting of which leave the defendant excepted.  The amended declaration was filed on the same day and in this, Fischer, administrator, is substituted as the sole plaintiff in the action.  The amended declaration contains two counts, in each of which the common-law liability for negligence is the alleged cause of action.  The defendant filed a demurrer to the amended declaration, and assigned as special grounds for the demurrer, that the declaration set forth a separate and distinct cause of action from that alleged in the original declaration, and that it appeared on the face of the declaration that the injuries complained of were sustained more than one year prior to the filing of said amended declaration.  The demurrer was overruled and the defendant filed a plea of the general issue, and a further plea that the several supposed causes of action in the amended declaration are separate and distinct causes of action from those alleged in the original declaration, and that they did not accrue to the plaintiff at any time within one year next before the filing of the amended declaration.  Plaintiff demurred to the second plea and the demurrer was sustained.  The case was tried by a jury upon the amended declaration and the general issue.  The jury found for the plaintiff and assessed the damages at $3,500.  Motion by defendant for new trial was overruled and judgment entered on the verdict from which defendant appealed.

If Edward Bayliss came to his death by reason of appellant's wilful violation of the provisions of chap. 93, Rev. Stat., known as the Miners Act, then under the same Act a right of action accrued to his widow, Jessina Bayliss.  It is expressly given by the statute.  Without the statute she had no right of action and without the statute there was no cause of action accruing to her or any one else for a wilful violation of the statute.  The suit was properly brought in

her own right and not as representative in any capacity.
If Edward Bayliss came to his death by such wrongful act,
neglect or default of the appellant as would have entitled
him to maintain an action and recover damages in respect
thereof, then by virtue of chap. 70, R. S., the Injuries Act,
a right of action accrues to the administrator of his estate,
and to no one else.    The right of action in the adminis-
trator to recover damages for negligence causing death is
purely statutory and is in no manner related to or con-
nected with the right and cause of action given to the widow
under the Miners Act.    We discriminate between the mean-
ing of "right of action" and "cause of action," though the
terms are frequently used interchangeably and as synony-
mous, and hold, that not only the right of action but the
cause of action under the Miners Act is different, separate
and distinct from that under the Injuries Act. We therefore
conclude that the substitution of Henry A. Fischer, admin-
istrator, as plaintiff in the action begun by Jessina Bayliss
was not authorized by sec. 24, chap. 110, R. S.    The effect
of the amendment was to permit one to become plaintiff in
an action with which he had no legal connection, and to
litigate a cause against the defendant altogether different
from that for which the suit was brought.

The court erred in sustaining the plaintiff's demurrer to
the second plea.    As already stated the amended declaration
filed May 23, 1904, set up an entirely new and different
cause of action.    C., B. & Q. R. R. Co. v. Jones, 149 Ill.
361.    It was the beginning of a suit by the administrator
under the Injuries Act.    It was more than a year after the
death of plaintiff's intestate, and it is expressly provided by
that Act, that every such action shall be commenced within
one year after the death of the person on account of which
the action is brought.    We are fully persuaded that the Act
as amended in 1903 is applicable to this case.    The right
of action is given by the statute and in order that it
may be maintained the requirement of the statute to bring
the suit within one year is imperative.    As held in Spauld-
ing v. White, 173 Ill. 127, and in other cases, in which an

amendment to the Act providing for the contest of wills has been construed, the right to bring the suit is derived exclusively from the statute, and jurisdiction can be exercised only in the manner and under the limitations prescribed by the statute. A distinction is made between a statute conferring jurisdiction and fixing a time within which it may be exercised and a statute of limitations. Here, as in the Spaulding case, the statute in force at the time of filing the amended declaration is held to govern. The language of the court in Chicago Title & Trust Co. v. Brown, 183 Ill. 42, referring to section 7, Statute of Wills, may with equal reason and propriety be applied to the time provision of the statute under which this suit was brought." It is not strictly a statute of limitations but it is an act conferring jurisdiction * * * provided, however, the aid of the court shall be invoked within a specified time. While the act is one conferring jurisdiction, yet it may also be regarded as a statute of repose." In Wall v. C. & O. R. R. Co., 200 Ill. 66, the provision requiring the suit to be brought within one year is so far treated as a statute of limitations, that it may be invoked in defense only by plea and not by demurrer to the declaration.

In this case as in the case of Martha Dare, Admx., v. W. C. & W. R. R. Co., *ante,* p. 256, we have reached conclusions adverse to the plaintiff in the action. The judgment of the Circuit Court will therefore be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*