O'Donnell v. Healy.

## Patrick O'Donnell, Administrator, v. John M. Healy.

### Gen. No. 13,281.

1.  STATUTES—*when not construed as retrospective.*  A statute will not be construed as retrospective in its operation unless a purpose to give it retrospective force is expressed clearly and positively, or is to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute, taken by themselves and in connection with the subject-matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question of such intention.

2.  INJURIES ACT—*one-year limitation construed.*  The amendatory act of 1905 did not prescribe a condition to the right of action but fixed a limitation, which limitation is not retrospective in its operation.

3.  CAUSE OF ACTION—*what is, in action for death caused by alleged wrongful act.*  The cause of action is the negligence which is alleged to have caused the death of the plaintiff's intestate, and the statute commenced to run at the time of the death.

Action in case for death caused by alleged wrongful act.  Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.  Heard in this court at the October term, 1906.  Reversed and remanded.  Opinion filed May 31, 1907.

B. J. WELLMAN and McGOORTY, POLLOCK & LOEB, for appellant.

GORHAM & WALES, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant, as administrator of the estate of John P. McGinn, deceased, sued appellee for negligence, which it is alleged caused the death of his intestate. The appellee pleaded the general issue, and also a special plea, in substance that the supposed causes of action in the declaration mentioned did not, nor did any of them, accrue to the plaintiff, at any time within one year before the commencement of the suit. The plaintiff demurred to the special plea; the court overruled the demurrer, and the plaintiff electing to stand by the demurrer, the court rendered judgment for the defendant for costs.

The contention of the defendant's counsel is, that the action was barred by section 2 of the act of 1853, as amended by the act of 1903, which contains these word: "Provided, that every such action shall be commenced within one year after the death of such person." Hurd's Rev. Stats. 1905, chap. 70, sec. 2. The act of 1853 is as follows:

"Sec. 1. Be it enacted by the People of the State of Illinois, represented in the General Assembly: Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and

O'Donnell v. Healy.

shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000: Provided, that every such action shall be commenced within two years after the death of such person.''

Section 1 of the act of 1853 is as originally passed, but section 2 of the act was amended by act approved May 13, 1903, in force July 1, 1903, so as to read as follows:

''Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law, in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person not exceeding the sum of ten thousand dollars: Provided, that every such action shall be commenced within one year after the death of such person. Provided further, that no action shall be brought or prosecuted in this state to recover damages for death occurring outside of this state, and that the increase from five thousand to ten thousand dollars in the amount hereby authorized to be recovered shall apply only in cases when death hereafter occurs.''

The plaintiff's intestate died July 3, 1901, and the suit was commenced July 2, 1903, the next day after

the act amending section 2 of the act of 1853 went into force, and one day before the expiration of two years from the death of McGinn. Counsel for appellee contend that, as no action could be maintained at common law, the act giving the action conferred jurisdiction, and that it is, by the statute as amended, a condition of the right to maintain an action that suit shall be brought within one year from the time of the death, and that the provision of section 2, as amended, is not a limitation, but a condition, on performance of which the right of action depends, and cites, in support of these contentions Dare v. Wabash C. & W. R'd Co., 119 Ill. App. 256; Staunton Coal Co. v. Fischer, *id.* 284; Spaulding v. White, 173 Ill. 127, and Sharp v. Sharp, 213 Ill. 332. It is well settled that such action as the present could not be maintained at common law, but only by virtue of a statute. The decision in Dare v. Wabash, etc., R'd Co., *supra,* was similar to the present case, in that the suit was commenced within two years from the date of the death of the plaintiff's intestate, and not within one year from such date, and section 2 of the statute, as amended, was in force when the suit was commenced. The Appellate Court of the Fourth District held that the action could not be maintained, and also, in Staunton Coal Co. v. Fischer, *supra,* so held, under like circumstances. In both cases the court cited and relied on the decision in Spaulding v. White, 173 Ill. 127.

Section 7 of "An act in regard to Wills," approved March 20, 1872, in force July 1, 1872, provides as follows:

"Sec. 7. When any will, testament or codicil shall be exhibited in the county court for probate thereof as aforesaid, it shall be the duty of the court to receive probate of the same without delay, and to grant letters testamentary thereon to the person or persons entitled; and to do all other needful acts to enable the parties concerned to make settlement of the estate at as early a day as shall be consistent with the rights

of the respective persons interested therein; Provided, however, that if any person interested shall within two (2) years after the probate of any such will, testament or codicil in the county court as aforesaid appear, and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the Circuit Court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid according to the practice in courts of chancery in similar cases; but if no person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all of the parties concerned, saving to infants, or *non compos mentis,* the like period after the removal of their respective disabilities. And in all such trials by jury as aforesaid said certificate of the oath of the witnesses at the time of the first probate shall be admitted as evidence and to have such weight as the jury shall think it may deserve.''

Section 7 was amended by act approved May 15, 1903, in force July 1, 1903 (Hurd's Rev. Stat. 1903, p. 1906, Sess. Laws 1903, p. 355), the sole amendment being that the words ''one year'' were substituted in the section for the words ''three years.'' In Spaulding v. White, the will was probated March 29, 1894, and the bill to contest it was not filed till the March term, 1897, and the court held that the bill could not be maintained, because not filed within one year from the time the will was admitted to probate. We think there is a material distinction between section 7 of the statute in regard to wills and the statute in question in this case. By section 7 as originally passed and as amended, the right to file a bill to contest the validity of a will is, in terms, conditioned an an appearance and the filing of the bill within the time specified. The language is, ''provided, however, that if any person interested shall, within three years, or within one year, by the amendment, after the probate of any such will,

testament or codicil in the County Court, as aforesaid, appear, and by his or her bill in chancery contest the validity of the same, an issue of law shall be made up," etc. By the section the right to file a bill does not accrue until there is an appearance and a filing of the bill within the time specified. In other words, appearance and the filing of a bill after probate of the will, and within the time specified, are, by section 7, conditions precedent to the exercise of the right to contest the validity of the will. Without such appearance and a bill filed, the court was without jurisdiction to proceed.

In addition section 7 provides that "if no person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all of the parties concerned, saving to infants or persons *non compos mentis* the like period after the removal of their respective disabilities."

Section 1 of the act in question in this case is the same as it was when passed in 1853, and in cases where the death of a person shall be caused by the wrongful act, neglect or default of another person or corporation it grants a right of action against the person who or the corporation which would have been liable had death not ensued.

This right of action is granted unconditionally, and in express terms by the section, in this essentially differing from section 7 of the act in regard to wills, which, as we have seen, annexes to the grant a condition which must be complied with before the will can be contested.

To sustain the contention of counsel for appellee would be to give retrospective effect to section 2 of the act, as amended by the act of 1903. There is no language in the section which warrants such construction. The general rule is that "no statute is to have a retrospect beyond the time of its commencement." Potter's Dwarris on Statutes and Constitutions, p. 162. In Endlich on the Interpretation of Statutes, section 271, it is said: "They are construed as operating only

on cases or facts which come into existence after the statutes were passed, unless a retrospective effect be clearly intended.'' In the same section the author says: ''A construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute, taken by themselves and in connection with the subject-matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question of such intention.''

The Supreme Court in Walker v. The People, 202 Ill. 34, 40, cite Wood on Limitations, p. 28, to the same effect. (By mistake ''Thompson'' is printed instead of Wood.) In Wall v. C. & O. R'd Co., 200 Ill. 66, the court held, in effect, that the provision in section 2 of the statute as passed in 1853, was a limitation. In that case, the plaintiff's intestate suffered an injury May 24, 1896, which resulted in his death, and it appearing on the face of the declaration that more than two years had elapsed since the injury, the defendant demurred, relying on the provision in section 2, requiring suit to be commenced within two years from the time of death. The court held that the question whether the plaintiff was barred by the statute could not be raised by demurrer, but only by plea, so as to give the plaintiff an opportunity to plead any special matter which would prevent the bar of the statute. The court, in several places in the opinion, refers to the two-year provision as a statute of limitation, as we think it clearly is.

Section 70 of the administration act, as originally passed, limited the time for exhibiting claims against an estate to two years, unless creditors should find other estate of the deceased not inventoried or accounted for by the executor or administrator. Hurd's Rev. Stat. 1901, p. 116. By an act in force July 1, 1903, the section was amended by limiting the time for

exhibiting claims to one year. Hurd's Rev. Stat. 1905, p. 116.

In Hathaway v. Merchants' Trust Co., 218 Ill. 580, it appeared that the Merchants' Trust Co. filed its claim in the Probate Court May 2, 1904, nearly two months before the amendatory act of 1903 took effect. The Probate Court allowed the claim July 25, 1904, after the mandatory act took effect. The defense was that the claim was barred by the act of 1903. Stating the question to be decided, the court say: "The sole question is whether the claim of defendant in error is barred by the amendment of May 15, 1903, it not having been filed within one year from the date of the issue of letters testamentary, or whether the statute which existed prior to the amendment was in force as to such claims, entitling the claimant to two years from the date of the issue of letters in which to file its claim." The court held that the statute which existed prior to the amendment was in force as to the claim, and said: "The statute will only be given a retroactive effect when it was clearly the intention of the legislature that it should so operate. (Fisher v. Green, 142 Ill. 80.) And even where this intention clearly appears, it will not be given effect if to do so would render it unreasonable or unjust. If a reasonable time is given for bringing a suit or filing claims after the amendment takes effect, it may be valid and binding. Ryhiner v. Frank, 105 Ill. 326, 19 Am. & Eng. Ency. of Law, 2nd ed., 168, 169; Walker v. People, 202 Ill. 34, quoting from Wood on Limitation of Actions, page 28, by mistake printed as Thompson on Limitation of Actions." See, also, Brennan v. Electrical Installation Co., 120 Ill. App. 461, 470.

Counsel for defendant's special plea recognizes the one-year provision is a limitation. It is, as heretofore stated, that the cause of action did not accrue within one year next before the commencement of the suit. The proposition of defendant's counsel, that the cause of action accrued at the time of commencement

of the suit, is unsound. The cause of action is the negligence which is alleged to have caused the death of the plaintiff's intestate, and his death. Leroy v. City, 81 Ill. 114. We think it unnecessary to pursue the subject further. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*