SECOND DISTRICT—OCTOBER, 1909.        427

Gruber v. La Salle County Carbon Coal Co., 150 Ill. App. 427.

## Mary Gruber, Plaintiff in Error, v. La Salle County Carbon Coal Company, Defendant in Error.

### Gen. No. 5,152.

1. MINES AND MINERS ACT—*limitation as to commencement of action under.* Prior to the act of July 1, 1907, the right of action given to the widow of a person killed could be commenced at any time within five years from the accrual of the cause of action.

2. MINES AND MINERS ACT—*limitation amendment of July 1, 1907, construed.* The act of July 1, 1907, providing that actions by the widow of a person killed should be commenced within one year after the death of such person is not retroactive in effect.

3. STATUTES—*when not given retroactive effect.* A statute will only be given a retroactive effect when it was clearly the intention of the legislature that it should so operate.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

J. L. MURPHY, for plaintiff in error.

McDOUGALL, CHAPMAN & BAYNE, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought by Mary Gruber, plaintiff in error, against the LaSalle County Carbon Coal Company, defendant in error. The suit was begun January 10, 1908. The declaration was filed May 27, 1908, and alleges that the defendant company was operating a certain coal mine in said county on the thirteenth day of January, 1906, and that John Gruber, the plaintiff's husband, was working in the mine as a miner before and on that day and that at his working place he was exposed to a dangerous condition in the roof of the place that had long been there; that he had to work exposed to a bad roof having treacherous places liable to fall on him and other defective places liable to cause a fall of rock from the roof and injure him; that defendant wilfully failed to cause

428    Appellate Courts of Illinois.

Gruber v. La Salle County Carbon Coal Co., 150 Ill. App. 427.

proper marks or danger signals to be placed thereat as required by the laws of Illinois; that by reason thereof a fall of a great quantity of rock occurred there on that day and killed John Gruber, and that by his death plaintiff and her son Mat, his only heirs, were injured and damaged. The defendant pleaded the general issue and that the supposed causes of action in said declaration mentioned did not nor did any of them accrue to the plaintiff at any time within one year before the commencement of this suit, etc. The plaintiff demurred to the special plea of the statute of limitation. The court overruled the demurrer and rendered judgment against the plaintiff. This writ of error questions the ruling of the court on the demurrer.

At the time of the death of John Gruber, the fourth paragraph of section 33 of chapter 93 of the Statute of Illinois, entitled An Act in Relation to Coal Mines, provided that a right of action shall accrue to the widow of the person killed and to his lineal heirs for the recovery of damages sustained by the loss of life occasioned by the wilful violation or failure to comply with the provisions of the act, not to exceed the sum of $5,000. The statute in force in 1906 concerning coal mines contained no limitation of time within which the suit might be brought to recover damages for a death, and the only limitation upon such causes of action is contained in section 15 of chapter 83 entitled Limitation, which limits the bringing of all civil actions not otherwise provided for to five years. On the 17th of May, 1907, the fourth paragraph of section 33 of the act relating to coal mines was amended by increasing the amount for which a recovery might be had to $10,000, and also by providing that every such action for damages in case of death should be commenced within one year after the death of such person. This act took effect July 1, 1907.

Under the law in force when plaintiff's intestate was killed she had until January 13, 1911, in which to bring suit. One year and four months had passed since the death of the deceased, when the legislature amended

the section under which the suit was brought by re-
stricting the time for beginning such suit to one year
after his death. If this suit had been started between
May 17, 1907, and July 1, 1907, the suit would have
been within the time the law at that time permitted
such suit to be brought; but it is contended that after
July 1, 1907, the plaintiff was barred from bringing
any suit. There is nothing in the act of 1907 to indi-
cate that a retroactive effect was intended. There is
nothing in the amendment to indicate that it was in-
tended that the amendment should apply to causes of
action which arose before the amendment took effect.

Sections two and four of chapter 131 of the Statutes
of Illinois entitled "Construction of Statutes," pro-
vide: "That the provisions of any statute, so far as
they are the same as those of any prior statute, shall
be construed as a continuation of such prior provisions
and not as a new enactment," and that "No new law
shall be construed to repeal a former law, whether such
former law is expressly repealed or not   *   *   *   or
any right accrued, or claim arising under the former
law, or in any way whatever to affect   *   *   *   any
right accrued, or claim arising before the new law takes
effect, save only that the proceedings thereafter shall
conform, so far as practicable, to the laws in force at
the time of such proceeding." In Hathaway v. Mer-
chants Trust Co., 218 Ill. 580, where an analogous
question was involved, it was said: "While it is un-
doubtedly within the power of the legislature to pass a
statute of limitation or to change the period of limita-
tion previously fixed and to make such statutes or
changes applicable to existing causes of action, yet
such a statute is not to be readily construed as having
a retroactive effect, but is generally deemed to apply
merely to causes of action arising subsequent to its
enactment, and the presumption is against any intent
on the part of the legislature to make the statute retro-
active. (19 Am. & Eng. Ency. of Law, 2d Ed. 174;
Robertson v. Wheeler, 162 Ill. 566; Spaulding v. White,
173 Ill. 127.) The statute will only be given a retroac-

tive effect when it was clearly the intention of the legislature that it should so operate. (Fisher v. Green, 142 Ill. 80.) And even when this intention clearly appears it will not be given effect, if to do so would render it unreasonable or unjust. If a reasonable time is given for bringing a suit or filing claims after the amendment takes effect it may be valid and binding.'' Ryhiner v. Frank, 105 Ill. 326; 19 Am. & Eng. Encyc. of Law, 2d Ed. 168; Walker v. People, 202 Ill. 34; Wood on Limitation of Actions, 28; Rock Island Nat. Bank v. Thompson, 173 Ill. 593, affirming 74 Ill. App. 54; O'Donnell v. Healy, 134 Ill. App. 187; Roth v. Eppy, 80 Ill. 283. We are of the opinion that the amendment passed by the legislature in 1907 does not bar the plaintiff of her cause of action, and that the court erred in overruling the demurrer. The judgment is reversed with directions to the trial court to sustain the demurrer to the special plea.

*Reversed and remanded.*