James L. Storm, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. CONTRIBUTORY NEGLIGENCE—*when person approaching railroad crossing not guilty of.* While a traveler approaching a railroad crossing is required to use such care as a person of ordinary prudence would exercise under the same circumstances, and this ordinarily demands the faculties of sight and hearing, it cannot be said, as a matter of law, that a failure to look and listen is under all circumstances negligence *per se.*

2. CONTRIBUTORY NEGLIGENCE—*duty of companion of driver about to cross railroad tracks.* It is the duty of one accompanying the driver of a vehicle to observe dangers and avoid them if possible by suggestion or protest.

3. STATUTE OF LIMITATIONS—*Injuries Act construed.* The amendment to the Injuries Act which became effective on July 1, 1903, changing the time within which suit must be brought thereunder from two years to one year, is a statute of limitations.

4. STATUTE OF LIMITATIONS—*when not retroactive.* The amendment to the Injuries Act which became effective on July 1, 1903, changing the time within which suit must be brought thereunder from two years to one year is not retroactive.

5. PLEADING—*what declaration · sufficient after verdict.* A count of a declaration defective in failing to charge any specific negligence or to in any manner show.in what the negligence consisted, *held,* good after verdict.

6. INSTRUCTIONS—*when abstract in form will not reverse.* An instruction abstract in form which is not inaccurate ordinarily will not reverse.

7. NEGLIGENCE—*when engineer in charge of train not guilty of.* Although an engineer or fireman may see a traveler approaching a crossing, he may lawfully assume that such traveler will stop before he reaches a place of danger until the contrary appears; therefore even though an engineer may have seen a traveler in ample time to stop his train, a failure so to do may not constitute negligence.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD, and W. C. KELLY, of counsel.

RICHARDSON & WHITAKER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On July 5, 1904, appellee brought an action in case against appellant for wrongfully causing the death of his intestate, Flora May Storm. Upon trial by jury, judgment

90    APPELLATE COURTS OF ILLINOIS.

Storm v. Cleveland, C. C. & St. L. R. Co., 156 Ill. App. 88.

was rendered against the defendant for the sum of $1,400, to reverse which this appeal is prosecuted.

The first count of the declaration charges, in substance, that while the said Flora May Storm was, with all due care, riding in a buggy across the railroad of the defendant, at a crossing thereof with a public highway, the defendant negligently and maliciously drove and managed its certain locomotive and train of cars across said highway, by reason whereof such locomotive engine struck and killed her. The second count charges that no bell or steam whistle on the locomotive was rung or whistled at a distance of 80 rods from the crossing and kept ringing or whistling until the crossing was reached. The third count charges that the defendant neglected to sound a whistle or ring a bell before reaching the crossing. The fourth and fifth counts are predicated upon an alleged violation of Section 261, Chapter 38, of the Criminal Code relative to the observance of Sunday. Pleas of the general issue and the statute of limitations were interposed to the declaration. A demurrer was sustained to the latter plea. The declaration was then amended by stating in the various counts the name of the next of kin of the deceased. The defendant then refiled the plea of the statute of limitations, alleging that the cause of action did not accrue within one year next before the commencement of the suit, to which a demurrer was again sustained.

The evidence shows that plaintiff's intestate, who was about 19 years of age, was at about noon on Sunday, August 3, 1902, traveling toward the west in a buggy, with the top up, drawn by a horse which was driven by a young man named Hilligoss, upon a public highway about a mile east of Shelbyville; that shortly before they approached the railroad crossing, Hilligoss whipped his horse and tried to cross the same ahead of an approaching train, and that the locomotive struck the buggy, causing the death of both Hilligoss and Miss Storm. There was evidence which tended to show that the highway was in a cut and sloped toward the railroad track, and that there was a field of growing corn toward the north and east, by reason of which approaching trains could

not be seen until a traveler upon the highway was close to the track, and then only by looking backward in a easterly direction; that there were several teams upon the highway at and before the time of the accident, most of which were going westward; that Miss Storm was unacquainted with the surroundings and with the railroad tracks; that she was merely the guest of Hilligoss and had no control over the horse which he was driving. There was also evidence that several witnesses to the accident endeavored by shout and gesture to warn Hilligoss and Miss Storm of the approaching train, but that they either failed to hear or see such warnings or disregarded the same, and that Hilligoss urged the horse toward and over the track without looking or listening for approaching trains.

Upon the issue as to whether or not a whistle was blown or a bell rung for the crossing, there was sufficient evidence to warrant the court in submitting the same to the jury. We are not prepared to hold, as a matter of law, that the deceased was guilty of contributory negligence. While a traveler approaching a railroad crossing is required to use such care as a person of ordinary prudence would exercise under the same circumstances, and this ordinarily demands the faculties of sight and hearing, it cannot be said, as a matter of law, that a failure to look and listen is under all circumstances, negligence *per se*. Collison v. I. C. R. R. Co., 239 Ill. 532.

As the judgment must be reversed and the cause remanded for reasons hereinafter stated, we shall refrain from a discussion of the evidence, further than to say that while the negligence of Hilligoss cannot be imputed to the deceased (Nonn v. Ry. Co., 232 Ill. 378), it was as much her duty as that of Hilligoss the driver, to observe dangers and avoid them, if possible, by suggestion or protest. In other words, she was required to exercise ordinary care to avoid injury. Davis v. Ry. Co., 159 Fed. 10. If she did exercise the same degree of care as an ordinarily prudent person would have under the circumstances, the negligence of Hilligoss, no matter how great, could not affect the right of appellee to recover. There was no connection shown between the alleged

violation of the Sunday law, as charged in the fourth and fifth counts of the declaration, and the death of plaintiff's intestate, and the court should have withdrawn the fourth and fifth counts of the declaration from the consideration of the jury.

It is insisted that the court erred in sustaining a demurrer to the plea of the statute of limitations. Such contention presents the questions, first, is the statute involved one of limitation; and second, if such, should it be given a retrospective effect. The deceased was killed on August 3, 1902, at which time, under section 2 of the statute entitled "Injuries," her administrator had two years within which to bring suit, but subsequently an amendment to said statute was adopted, which became effective on July 1, 1903, changing the time within which suit must be brought thereunder from two years to one year. Thus under the statute in force at the time Miss Storm met with her death, appellee had a right to bring suit at any time prior to August 3, 1904. If the amendment be given retrospective effect, it is obvious that the present suit, which was instituted July 5, 1904, is barred thereby, and the demurrer to the plea should have been overruled. Counsel for appellant so contend, and rely chiefly upon Spaulding v. White, 173 Ill. 127; Coal Co. v. Fischer, 119 Ill. App. 284; Dare v. R. R. Co., 119 Ill. App. 256. In the former case the court held that section 7 of the act on wills, which confers jurisdiction upon courts of equity to entertain a bill to contest a will within three years after probate, is not a limitation law, nor does it create in parties interested a vested right to the full term so fixed, regardless of legislative changes, and that the period within which such proceedings might be started, might be so changed by amendment as to reduce such time from three to two years, and that such amendment would have a retrospective effect. The same rule is announced in Storrs v. St. Luke's Hospital, 180 Ill. 368; also in Trust Co. v. Brown, 183 Ill. 42, where it is said, "The statute of wills is not a statute of limitation."

In O'Donnell v. Healy, 134 Ill. App. 187, in which the precise question now under discussion was raised and de-

termined, it is held that the amendment in question did not prescribe a condition to the right of action, but fixed a limitation, which is not retrospective in its operation. We concur in the view of the law as there expressed, which is well supported by authority and reason, and hold that the court did not err in sustaining the demurrer to the plea of the statute of limitations. See also Gruber v. Coal Co., 150 Ill. App. 427.

It is urged that the court erred in submitting the first count of the declaration to the jury. Although the count was defective in failing to charge any specific negligence, or to in any manner show in what the negligence consisted, and therefore obnoxious to demurrer, we think it was good after verdict. If the proof showed that the acts charged were negligent, the fact that the count also charged that the train was maliciously driven and managed would not prevent a recovery thereunder, notwithstanding there was no proof of malice or wilfulness. Guianios v. Coal Co., 242 Ill. 278. The plaintiff's second instruction, while subject to criticism as being abstract in form, is not inaccurate. The plaintiff's fifth instruction does not direct a verdict, but quotes the language of the statute, and is not subject to the criticism made. The objection to the plaintiff's eighth instruction is hypercritical. The omission of the word "then" therefrom could not have misled the jury.

Plaintiff's seventh given instruction told the jury, in effect, that if the engineer and fireman could by the exercise of reasonable care and watchfulness, have seen the deceased, in time to have stopped the train and avoided injuring her, without danger to themselves, they were bound to do so, and if they failed the defendant was liable. The instruction does not state a correct rule of law. Although the engineer and fireman may have seen the deceased in ample time to stop the train, they were under no obligation to do so from the mere fact of seeing her approaching the crossing. It has been repeatedly held that although an engineer or fireman may see a traveler approaching a crossing, he may lawfully assume that such traveler will stop before he reaches

a place of danger, until the contrary appears: Schmidt v. Ry. Co., 191 Mo. 215; Ry. Co. v. Manly, 58 Ill. 300; Ry. Co. v. Lee, 68 Ill. 576; Ry. Co. v. Goebel, 119 Ill. 515. The instruction wholly ignores the question as to whether the deceased when first observed by the engineer or fireman, was in a place of danger or safety. If they had seen her in a place of danger, or in a situation indicating that she was about to place herself in danger, it would then have been their duty to stop the train if they could, but it is not the law that they were obliged to do so merely upon seeing her, as this instruction not only assumes, but expressly states.

In view of the close conflict in the evidence, the giving of this instruction constituted prejudicial error, for which the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*