(No. 33295.—

STANLEY ORLICKI, SR., *et al.,* Appellants, *vs.* JOHN F. McCARTHY *et al.,* Appellees.

*Opinion filed November 18, 1954.*

JULIUS L. KABAKER, of Chicago, for appellants.

HEINEKE & CONKLIN, and ALBERT M. HOWARD, both of Chicago, (WILLIAM H. SCHRADER, RALPH MILLER, and CHARLES D. SNEWIND, of counsel,) for appellees.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

This cause is before the court by virtue of a certificate of importance issued by the Appellate Court, which affirmed a judgment of the circuit court of Cook County dismissing the complaint of plaintiffs, Stanley Orlicki, Sr., and Anna Orlicki, to recover under the Liquor Control Act their loss of support due to the death of Walter Orlicki, allegedly caused by defendants, on the ground that the complaint was not filed within the time designated under the 1949 amendment to the act.

The uncontroverted facts are that on July 10, 1949, Walter Orlicki was fatally injured while a passenger in an automobile driven by an allegedly intoxicated individual. At that time the right to recover under the Liquor Control Act (Ill. Rev. Stat. 1949, chap. 43, par. 135,) from owners and operators of places selling liquor for the loss of support due to the death of an individual caused by an intoxicated person could be asserted within five years from the date of death, under the general limitations statute. On August 10, 1949, the Liquor Control Act, upon which plaintiffs' rights against the defendants, as owners and operators of certain dram shops, are predicated, was amended to include a provision limiting the amount recoverable to $15,000, and requiring that "every action hereunder shall be commenced within two years next after the cause of

action accrued." Plaintiffs' complaint was filed September 27, 1951, and while the cause was pending the Appellate Court of another district held that the time limitation provision in the amendment was retroactive. (*Fourt* v. *DeLazzer,* 348 Ill. App. 191.) Defendants thereupon filed motions to dismiss, which were allowed by the circuit court on the theory that the amendment to the act was procedural and therefore operated retroactively, and judgment was entered for defendants. The Appellate Court affirmed that judgment.

The sole issue in this cause is whether the time-limitation amendment to the Liquor Control Act applies to causes of action arising prior to the enactment of the amendment.

Plaintiffs contend that the 1949 amendment is not retroactive on the grounds that the time limitation was substantive; that the decision in *Fourt* v. *DeLazzer* is of limited value as a precedent since that case was not properly presented to the court; that the two-year-limitation provision is not jurisdictional, since there is a distinction between true statutory actions and those which are enforceable through common-law remedies, such as the right of action under the Liquor Control Act; and that the decision in *Theodosis* v. *Keeshin Motor Express Co.* 341 Ill. App. 8, holding the amendment increasing the *ad damnum* provisions of the Injuries Act to be prospective in operation, is determinative of the issue herein.

Defendants argue that the rights created by the Liquor Control Act are statutory, hence plaintiffs had no vested interest in the cause of action created, or in the procedure applicable to its enforcement. Defendants contend that if the provision of the act limiting the time within which an action may be brought is regarded as a "condition of liability," jurisdiction could be exercised only subject to this condition as prescribed at the time jurisdiction is invoked; and if the time limitation is regarded as procedural in character, it applies retroactively to all existing causes

of action. They maintain further that a retroactive application was intended by the legislature and should be given effect, since plaintiffs had ample time after the amendment within which to institute suit.

The problem of the retroactive application of amendments is not novel in Illinois case law, and it is one upon which the jurists are not in agreement, either in their conclusions or rationale, not only in Illinois, but also in other jurisdictions. (77 A.L.R. 1338.) Some Illinois decisions have considered the issue in terms of vested or nonvested rights (*Wall* v. *Chesapeake and Ohio Railway Co.* 290 Ill. 227; *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367;) others analyze it in terms of jurisdiction (*Spaulding* v. *White,* 173 Ill. 127; *Dare v. Wabash, Chester and Western Railroad Co.* 119 Ill. App. 256; *McQueen v. Connor,* 385 Ill. 455;) others have considered whether the provision was substantive or procedural (*DuQuoin Township High School Dist.* v. *Industrial Com.* 329 Ill. 543; *Chicago Board of Underwriters* v. *Industrial Com.* 332 Ill. 611; *Board of Education* v. *City of Chicago,* 402 Ill. 291;) other courts have relied upon the intention of the legislature (*Theodosis* v. *Keeshin Motor Express Co.* 341 Ill. App. 8; *Hathaway* v. *Merchants Loan and Trust Co.* 218 Ill. 580) ; and there are also decisions predicated on the statutes of construction (*Merlo* v. *Johnston City and Big Muddy Coal and Mining Co.* 258 Ill. 328; *Gruber* v. *La Salle County Coal Co.* 150 Ill. App. 427) ; or upon a combination of these legal concepts and rules.

It will serve no useful purpose to review the multitude of cases noted in our research involving the retrospective and prospective application of various types of statutory modifications. We shall instead confine our analysis to a brief reference to the legal history of this problem, relevant statutory provisions and the exceptions thereto; and to the cases involving the application of time-limitation amendments.

The doctrine that legislation must be prospective in character is traceable to Coke and Bracton, who recognized it as a rule of construction founded on doctrines of natural law, and it was incorporated into American jurisprudence by the learned jurists Kent and Story. (*Dash* v. *Van Kleeck,* 7 Johns (N.Y.) 477, 5 Am. Dec. 291; *Gilmore* v. *Shuter,* 2 Mod. 228, 310, 2 Inst. 292; *Society* v. *Wheeler,* 2 Gal., C.C. 105, 139.) The doctrine became in some instances a constitutional restraint on legislation, and in other cases a rule of construction. (Smead, Rule Against Retroactive Legislation, 20 Minn. L. Rev. 775.) In Illinois, the principle was reflected in the early case of *Seegar* v. *Seegar;* 19 Ill. 121, and was, in 1874, incorporated as a statute relating to construction (Ill. Rev. Stat. 1953, chap. 131, par. 4,) the relevant portion of which provides: "No new law shall be construed to repeal a former law, * * * as to any act done, * * * or any right accrued, or claim arising under the former law, or in any way whatever to affect any * * * act * * * done, * * * or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceding."

The Illinois courts have limited the application of that statute by holding that the only rights within the protection of section 4 are "vested rights." (*Wall* v. *Chesapeake and Ohio Railway Co.* 290 Ill. 227; *People* v. *Lindheimer,* 371 Ill. 367; *Board of Education* v. *Nickell,* 410 Ill. 98.) Thus, it has been held that where a statute giving a special remedy is unconditionally repealed without a saving clause, all pending suits predicated thereon will terminate as of the date of the repeal, since there is no vested right in any statutory remedy. *Wall* v. *Chesapeake and Ohio Railway Co.; Sharp* v. *Sharp,* 213 Ill. 332; *Board of Education* v. *Nickell,* 410 Ill. 98.) This interpretation was in accordance with the prevailing judicial opinion. (77 A.L.R.

1345.) A similar exception has been effected by the New York court to a substantially identical rule of construction. Consol. Laws of N.Y., art. 5, secs. 93, 94; *U. S. Mortgage Co. v. Ruggles,* 248 N.Y.S. 525; *Matter of Wentworth,* 230 N.Y. 176, 187, 129 N.E. 646.

However, the concept of "vested right" is fraught with vagaries that defy precise definition. (*Merlo v. Johnston City Coal Mining Co.* 258 Ill. 328; *Theodosis v. Keeshin Motor Express Co.* 341 Ill. App. 8.) The concept has been referred to as "something more than a mere expectation, based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enjoyment of the demand, or a legal exception from a demand made by another." *Beutel v. Foreman,* 288 Ill. 106; *People v. Lindheimer,* 371 Ill. 367; *Wall v. Chesapeake and Ohio Railway Co.* 290 Ill. 227; *Board of Education v. Nickell,* 410 Ill. 98.

In the *Wall case* the 1903 amendment to the Injuries Act, providing that "no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State," was applied retroactively to bar a pending action to recover for a wrongful death occurring outside the State. The court in further defining "vested rights" stated at page 234, "There can be no vested right in the claim for damages in a tort not connected with or growing out of a contractual relation until judgment is rendered."

In addition to this broad exemption in section 4 of the act in relation to construction of statutes, commonly referred to as the Saving Statute, courts have also excepted amendments relating to matters of procedure, and have held that where the change in law merely affects the remedy, or the law of procedure, all rights of action will be enforcible under the new procedure without regard to whether they accrued before or after such change of law, and with-

out regard to whether suit has been instituted or not, unless there is a saving clause as to existing legislation. *Board of Education* v. *City of Chicago,* 402 Ill. 291; *Smolen* v. *Industrial Com.* 324 Ill. 32; *McQueen* v. *Connor,* 385 Ill. 455; *Weil-McLain Co.* v. *Collins,* 395 Ill. 503; *Ogdon* v. *Gianakos,* 415 Ill. 591.

The term "procedure," however, has been invested with a meaning much wider than that of pleading or practice, and no simple formula can be evolved as to when an amendment relates to a procedural, or to a substantive right. In *Theodosis* v. *Keeshin Motor Express Co.* the court discussed the diversity of opinion among Illinois jurists as' to whether the amendment increasing the *ad damnum* recoverable under the Injuries Act was procedural or substantive in character. Without deciding that issue the Appellate Court held the amendment to be prospective in operation on the basis of legislative intent, and by virtue of the Saving Statute. The court reasoned that the increase in *ad damnum* was tantamount to imposing a new liability upon defendants, which would contravene the Saving Statute. In that connection, it may be noted that there is a conflict of judicial opinion in other jurisdictions as to the character of defenses which may be cut off by the retrospective application of statutes. 113 A.L.R. 769; *Bullard* v. *Holman,* 184 Ga. 788, 193 S.E. 586.

In the light of these broad exceptions of "nonvested rights" and "procedural provisions" from the operation of the Saving Statute, we shall consider the cases involving time-limitation amendments. Although there are some Illinois cases stating that amendments or statutes changing time limitations will be applied prospectively, unless a contrary legislative intent appears, (*Hathaway* v. *Merchants' Loan and Trust Co.* 218 Ill. 580; *Gruber* v. *LaSalle County Coal Co.* 150 Ill. App. 427,) there is an imposing body of precedent applying such statutes retroactively on diverse grounds.

In *Spaulding* v. *White*, 173 Ill. 127, this court held that a statute fixing a time limit for contesting wills should be retroactively applied on the ground that the statute defined jurisdiction, and that the provisions in force at the time of the filing of the bill applied, since they conferred jurisdiction on the court. The court also stated, however, that if the statute were regarded as a limitation law, it was still applicable to the cause, since a reasonable time was available to bring the action. The limited time remaining in which to assert a claim if the statute were retroactively applied was a determinative factor in the *Hathaway case*, where the court held that a time limitation for filing claims against decedent's estate would not be applied retroactively. In the majority of jurisdictions, however, statutes of non-claim or limitation apply retroactively to claims against estates of deceased debtors, if the legislature allows a reasonable time after the enactment of the statute in which to bring such actions. 117 A.L.R. 1208.

The rationale and conclusion of the *Spaulding case* was followed in *Sharp* v. *Sharp*, 213 Ill. 332, where the statute decreased the time for contesting wills to one year, and in *McQueen* v. *Connor*, 385 Ill. 455, where the statute reduced the time to contest a will to nine months. The court, in applying the amendment retroactively in the McQueen case, also stated that since the change was one of procedure, and inasmuch as the right and remedy of the appellant were not destroyed, since there was still two and one half months within which to bring suit before the expiration of the new nine-month-period, the Saving Statute did not apply.

The procedural nature of an amendment pertaining to time limitations was also noted in *Smolen* v. *Industrial Com.* 324 Ill. 32, where the court stated that statutes changing time limitations did not impair vested rights, and therefore could, and should, be applied retroactively. In *DuQuoin Township High School Dist.* v. *Industrial Com.* 329 Ill. 543, and in *Board of Underwriters* v. *Indus-*

*trial Com.* 332 Ill. 611, and in *Diamond T Motor Car Co.* v. *Industrial Com.* 378 Ill. 203, this court repeatedly stated that the time limitation in section 24 of the Workmen's Compensation Act was "procedural" and related to the remedy, and should therefore be retroactively applied to bar existing causes of action.

This court has also applied retroactively an amendment decreasing the time for instituting suits under the Injuries Act (Ill. Rev. Stat. 1953, chap. 70, pars. 1, 2.) but on the ground that they constituted a "condition of liability." (*Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142.) Prior to the decision on this issue by this court, the Appellate Courts had differed as to whether the amendment should be given a retroactive effect. In *Dare* v. *Wabash, Chester and Western Railroad Co.* 119 Ill. App. 256, and *Staunton Coal Co.* v. *Fischer,* 119 Ill. App. 284, the courts, following the rationale in *Spaulding* v. *White,* held that the time limitation in force at the time the suit was brought governed the rights of the parties. However, in *O'Donnell* v. *Healy,* 134 Ill. App. 187, the court held that the amendment applied prospectively. In the *Carlin case* this court, without reference to the *O'Donnell case,* or the Saving Statute, held that the amendment of 1903 limiting the time within which to bring an action for wrongful death applied to a right of action which accrued three months before the amendment took effect. The court apparently regarded the time limitation as analogous to the jurisdictional requirement referred to in *Spaulding* v. *White,* which the court cited as an authority, and held it to be a "condition of liability," which must be complied with in order to assert rights under the Injuries Act.

The dissenting opinion in the *Carlin case* urged that the inquiry was not whether the time limitation was a condition of liability or a statute of limitations, but whether the legislature intended the amendment to be retroactive, and

concluded that there was no such legislative intent, and that none should be inferred.

With reference to the amendment providing a time limitation for instituting suits under the Liquor Control Act involved herein, the only previous case in our jurisdiction is the Appellate Court decision in *Fourt* v. *DeLazzer,* 348 Ill. App. 191, where the provision was applied retroactively to bar an existing cause of action. The decision was predicated on numerous grounds. The court stated that the liability imposed by the Liquor Control Act is of statutory origin, hence the legislature which created the rights had power to withdraw them, and that the jurisdiction of the court could be exercised only subjct to the terms of the statute in force when the court's jurisdiction was invoked; and also that the legislature intended that the amendment apply to existing causes of action by the use of the words, "shall be commenced within 2 years next after the cause of action accrued."

As hereinbefore noted, plaintiffs contend that the decision was the result of inadequate presentation of the issues, particularly the failure to call to the attention of the court the cases of *Merlo* v. *Johnston City Coal Mining Co.* 258 Ill. 328, and *Department of Revenue* v. *Joch,* 410 Ill. 308, and *Theodosis* v. *Keeshin Motor Express Co.* 341 Ill. App. 8.

The court in the *Theodosis case* did not hold that changes relating to time were substantive rather than procedural, as plaintiffs contend; on the contrary, the court recognized that there was authority for applying retroactively changes in time limitations, citing Smead, 20 Minn. L. Rev. 775, and *Ochoa* v. *Hernandez,* 230 U.S. 139. Moreover, the court expressly distinguished amendments withdrawing a right previously conferred by the legislature, as in the instant case, from the amendment therein which increased the *ad damnum* and thereby imposed an additional liability upon the defendant.

The *Merlo case* involved an action for damages predicated upon certain violations of the Mining Law. Pending the appeal, the statute was repealed by a new act. The court, in determining whether the repeal barred plaintiff's action, held that it was apparent from a comparison of the two statutes that the legislature intended to continue in force those provisions of the law upon which plaintiff's cause of action was based, hence those rights would not be deemed extinguished. In the *Merlo case* there were no provisions in the new act which were inimical to the plaintiff's claim, as in the instant case where the subsequent time-limitation amendment would bar plaintiffs' claim. Moreover, the rights involved therein were substantive in nature, involving the essence of the claim, whereas time limitations have been classified in numerous cases as procedural in character, and the court in the *Merlo case* expressly excepted from the operation of the Saving Statute rights relating to procedure. Hence, that case cannot be determinative herein, nor would it have been determinative in *Fourt* v. *DaLazzer* had it been called to the attention of the court.

Similarly, *Department of Revenue* v. *Joch,* 410 Ill. 308, cited by plaintiffs, would not have effected a different result in the *DeLazzer case.* The court in the *Joch case* held that failure to comply with the time limitations for bringing an action under the Retailers Occupation Tax Act does not render the decision subject to collateral attack for lack of jurisdiction over the subject matter, since an action to recover taxes is effected through the common-law action of debt, over which circuit courts have general jurisdiction. That decision is not determinative of whether time limitations should be retroactively applied, for time limitations may be deemed retroactive even though they do not involve jurisdiction of the subject matter. (*Carlin* v. *Peerless Gas Light Co.*) It is evident, therefore, that even if the arguments and citations submitted by plaintiffs herein had been

presented in the *DeLazzer case,* they would not have sustained plaintiffs' contention that the amendment operated prospectively.

According to our analysis, the legislature which created the rights under the Liquor Control Act had the power to repeal those rights, irrespective of whether they were embodied in "pure statutory actions," or, as plaintiffs suggest, in "statutory remedies enforcible by common law actions." (*Wall* v. *Chesapeake and Ohio, Railway Co.; People* v. *Lindheimer; McQueen* v. *Connor.*) Moreover, the legislature exercised that power in a measure by amending the act and imposing time limitations for bringing actions under the Liquor Control Act. It appears further that it was the intention of the legislature that the amendment should apply retroactively, as evidenced by its terminology, *i.e.,* "every action hereunder shall be commenced within two years next after the cause of action *accrued,*" and from the evil designed to be remedied by the amendment. Legislative intent may be derived not only from the language used, but also from the evil to be remedied. (*People ex rel. Auburn Coal and Material Co.* v. *Hughes,* 357 Ill. 524.) The evil to be eliminated by the amendment was the prolonged liability for a period of five years of dram shop owners and operators, who rarely have any actual knowledge of the events upon which their liability is based. The statutory objective of eliminating this prolonged liability would be effectuated by giving the amendment a retroactive application.

Furthermore, even if the intention of the legislature were not ascertainable, the 1949 amendment to the Liquor Control Act, imposing a time limitation on the right of action conferred in that act, should be retroactively applied on the basis of the substantial precedent holding such time limitation amendments to be procedural in character. *Smolen* v. *Industrial Com.; McQueen* v. *Connor; Diamond T Motor Co.* v. *Industrial Com.; DuQuoin Township*

*School Dist.* v. *Industrial Com.; Board of Underwriters* v. *Industrial Com.*

That principle is expounded at length by the Missouri court in *Clark* v. *Kansas City, St. Louis and C. Railroad Co.* 219 Mo. 524, 118 S.W. 40, where a retroactive application was given a statute changing the time limitations for instituting an action for wrongful death. The court quoted from Endlich, Interpretation of Statutes, secs. 287, 288, to the effect that the general rule seems to be in accordance with the English law, that statutes pertaining to the remedy, *i.e.,* to the course and form of proceedings for the enforcement of a right, but which do not effect the substance of the right, nor destroy all remedy for its enforcement, are retrospective, and apply to causes of action subsisting at the date of their enactment. In applying that principle to the interpretation of the time limitation amendment therein, the court stated that since it was a remedial statute there was no presumption that it was intended to operate prospectively, and that it should be construed "to further its life in advancing the remedy and striking down the mischief."

On the basis of the foregoing authorities, it is our judgment that the time limitation amendment should be retroactively applied, on the ground that the legislature so intended, and that it is procedural in character. We prefer to predicate our determination on these grounds, rather than by analogy to the *Carlin case,* which held the time requirements to be a "condition of liability," and which would support the same result, since our rationale has broader support in the case law, will effect greater harmony and fewer tenuous refinements among the decisions, and will not contravene either the terms or the spirit of the Saving Statute, which exempts procedural provisions.

Inasmuch as plaintiffs' claim was not filed until September 27, 1951, more than two years after the death of Walter Orlicki, it was barred by the 1949 amendment to the Liquor

Control Act, requiring proceedings thereunder to be instituted within two years after the cause of action arose. Therefore, the decision of the Appellate Court, affirming the judgment of the circuit court in favor of defendants, was in accordance with law, and is affirmed.

*Judgment affirmed.*